LARSON-ROBERTS ELECTRIC COMPANY, INC. v. B. C. BURDICK AND OTHERS.

127 N. W. (2d) 163.

March 20, 1964—No. 39,014.

*Haugen & Quello,* for appellant.
*Winston C. Johnson,* for respondent.

ROGOSHESKE, JUSTICE.

Defendant B. C. Burdick appeals from an order refusing to reduce the amount of attorneys' fees allowed by the court in a contested action to foreclose a mechanics lien.

The foreclosure involved a claim of $1,363.76 arising out of improvements made to a business building. Defendant admitted owing $575—increased to $721 at the trial—but contested liability for the balance on the ground that the amount claimed was not included in the agreement of the parties; that an excess of materials and labor was furnished; and that some of the labor and materials were both unnecessary and defective. Following a 1-day trial, the court ordered judgment for plaintiff in the amount of $1,362.93 together with $450 attorneys' fees.

Defendant acknowledges that Minn. St. 514.14, as consistently construed, grants to the trial court discretionary authority to allow reasonable attorneys' fees as part of the foreclosure costs.[1] The amount allowed was based upon the undisputed and unchallenged testimony of plaintiff's counsel, and defendant admits that it is a reasonable charge for the services rendered. His sole contention is that any allowance cannot exceed the maximum specified by § 582.01, subd. 1, which limits the amount of attorneys' fees allowable in a foreclosure of a mortgage by advertisement. He argues that the legislature intended this same limitation to apply to a mechanics-lien foreclosure because § 582.01, subd. 1, is referred to and made a part of § 514.10, which governs the procedure for obtaining a release of a mechanics lien pending a trial on the merits. He claims that this was our interpretation in Bierlein v. Gagnon, 255 Minn. 143, 96 N. W. (2d) 573, when a similar issue was presented. He asserts, therefore, that the court had no authority to allow more than $250.

We agree with the trial court that the Bierlein case is not controlling. There, the issue raised by the claim that the fees were excessive was confined to whether the allowance was determined properly. There was no evidence to establish reasonable value and the trial court apparently relied on the minimum fee schedule adopted by the organized bar. Inasmuch as this schedule was intended to be a guide only where

---

[1] Our prior decisions, as well as references to the authorities treating with the constitutionality of statutes authorizing the allowance of attorneys' fees in lien-foreclosure cases, are cited in Bierlein v. Gagnon, 255 Minn. 143, 149, note 3, 96 N. W. (2d) 573, 578, note 3.

the relationship of attorney and client existed, we found the allowance was determined on an erroneous basis. Accordingly, a new trial of the issue was granted unless the lien claimant accepted a remittitur computed by reference to § 582.01, subd. 1. Regarding the limitation on the amount allowable, we said (255 Minn. 151, 96 N. W. [2d] 579):

"* * * The amount which may be allowed may not exceed a reasonable charge for the work involved in foreclosing the lien. In an ordinary case, that may not exceed the amount indicated by § 514.10."

Included in § 514.10 are provisions authorizing an application to release the lien after commencement of the lien-foreclosure action. At the hearing upon such an application, the court is required to fix a sum of money to be deposited as security for the payment of any judgment. As a part of the aggregate amount to be deposited, the court must include "an amount not less than double the amount of attorneys' fees allowed upon the foreclosure [of a mortgage] under section 582.01, to cover any allowance the court may make upon the trial for costs and attorneys' fees * * *."

In the Bierlein case, we regarded this language as some indication of legislative policy concerning the maximum amount which would be considered reasonable in the ordinary case where no evidence was submitted to establish the reasonable value of the services. We did not, however, construe the language as a maximum limitation in cases where the issue is contested or where, as here, the proof is undisputed. There are not many situations where the law permits the prevailing party to recover attorneys' fees as part of the cost of litigation. Nevertheless, the authority to assess reasonable fees against the lienor for legal services performed in foreclosing a mechanics lien has had legislative sanction since at least 1908, following our construction of R. L. 1905, § 3517 (now Minn. St. 514.14), in Schmoll v. Lucht, 106 Minn. 188, 118 N. W. 555.[2] We can find no justification to in-

---

[2] It should be noted that in 1953 the legislature, by L. 1953, c. 454, amended Minn. St. 582.01 to remove the maximum limitations on the allowance of attorneys' fees in cases where the foreclosure of the mortgage is by action—obviously in recognition that the value of legal services

terfere with what must be regarded as a legislative prerogative. To reach the conclusion urged would, in our view, necessitate a strained construction of § 514.10. The provisions relative to the procedure for securing a release of the lien contemplate that the lienor shall be heard when the court fixes the amount of the deposit to cover any prospective allowance of attorneys' fees. The requirement that at least double the amount specified in § 582.01, subd. 1, be deposited as a minimum does not prohibit the court from requiring a larger deposit as a condition to a release of the lien.

To infer that the maximum award for attorneys' fees which can be allowed upon the foreclosure of a mechanics lien is limited to the minimum deposit required therefor to effect a release of the property affected by the lien is clearly unwarranted. As indicated in the Bierlein case, the language of the statute should be used as a guide in determining the reasonable value of the services rendered. To allow attorneys' fees in any amount requires a determination of reasonable value based upon proof thereof or the court's observation of the services performed. Where the parties agree or there is evidence to sustain the reasonableness of the amount awarded, we hold that § 514.10 does not limit the maximum amount which may be allowed.

Affirmed.

MR. JUSTICE THOMAS GALLAGHER took no part in the consideration or decision of this case.

---

in such cases may exceed the fees charged for a foreclosure by advertisement.