GERALD OBRASKE, INDIVIDUALLY AND d.b.a. UNIVERSAL SPRAY COMPANY, v. EDWARD E. WOODY AND OTHERS. BITUMINOUS CONSTRUCTION COMPANY, INC., INTERVENOR.

199 N. W. 2d 429.

July 7, 1972—No. 43177.

*Messerli, Roe, McMillan & Lindberg* and *Peter J. Lindberg,* for appellants.

*Karlins, Grossman, Karlins, Siegel & Brill* and *Allen C. Johnson,* for respondent intervenor.

*Smith & Persian* and *Donald K. Smith,* for respondent plaintiff.

Heard before Knutson, C. J., and Todd, MacLaughlin, and Gunn, JJ.

MACLAUGHLIN, JUSTICE.

Defendant property owners appeal from a judgment of the district court and an order denying a new trial in a mechanics lien case. The only question before this court is whether the trial court's awards of attorneys' fees to plaintiff, Gerald Obraske, and to intervenor, Bituminous Construction Company, were excessive.

The action involved foreclosure of a mechanics lien. At the trial plaintiff's attorney, Donald K. Smith, testified to a rather lengthy list of services that he had performed for plaintiff in the case. In addition to the normal tasks of preparation of a mechanics lien case, Smith emphasized "the very considerable amount of work involved in getting ready for trial, specifically

the many, many attempts to obtain the testimony of Mr. Woody and Mr. Embretson by deposition, [and] the correspondence in connection with those attempts." He testified that he had had to familiarize himself with the dry-wall business in general and with the records of the supplier of materials used on the particular job here involved and testified also to other particulars of preparation for trial. There was no testimony by Mr. Smith as to the amount of time spent by him on these services he had performed for Obraske. Smith testified that the reasonable value of his services up to the drawing of findings of fact, conclusions of law, and order for judgment was $4,500. He further testified as to the legal services he expected to perform in the future in completing the matter and stated that, in his opinion, the reasonable value of those services was $1,500. He testified that actual costs incurred by Obraske were in the amount of $211. There was no cross-examination of his testimony by opposing counsel nor was any evidence of any kind introduced at the trial to contradict or otherwise contest Smith's testimony.

The intervenor's attorney, Allen C. Johnson, testified to the services he had rendered as an attorney for the intervenor. Again, the testimony consisted of a recitation of the services performed, including conferences, document preparation, preparation for trial, and participation at the trial. There was no evidence as to the time consumed by Johnson in performing these services. He testified that the reasonable value of his services was $1,000 and that certain minimal costs had been incurred. There was no cross-examination of Johnson's testimony and no other attempt to contest his testimony.

The trial court found that both plaintiff and intervenor furnished labor and materials for defendants' apartment building project for which they had not been paid. Plaintiff Obraske was adjudged entitled to recover $22,250 with interest, plus $211 for disbursements, and $4,000 attorneys' fees; and intervenor, Bituminous Construction Company, was awarded $4,600 with interest, plus $15 for disbursements, and $800 attorneys' fees.

As previously stated, this appeal is solely concerned with the amount of the attorneys' fees, which defendants claim are excessive. There is no question that the trial court, pursuant to Minn. St. 514.14, as construed by this court, has discretionary authority to allow reasonable attorneys' fees as part of mechanics lien foreclosure costs. Schmoll v. Lucht, 106 Minn. 188, 118 N. W. 555 (1908); Bierlein v. Gagnon, 255 Minn. 143, 96 N. W. 2d 573 (1959); Larson-Roberts Electric Co. Inc. v. Burdick, 267 Minn. 486, 127 N. W. 2d 163 (1964).

Defendants rely upon language used by this court in the Bierlein case to argue that the fees allowed by the trial court were excessive. In the Bierlein case, in discussing the reasonableness of attorneys' fees allowed by the trial court, we said (255 Minn. 149, 96 N. W. 2d 578):

"* * * Some indication of the legislative restriction on the maximum amount which may be allowed as a reasonable attorneys' fee in the foreclosure of a mechanics lien may be found in § 514.10 * * *."

Minn. St. 514.10 reads in part as follows:

"When an action has been brought * * * by the lien claimant to enforce his lien * * *, application may be made * * * to have the property affected by any such lien, released from the lien * * *. * * * Upon a hearing upon an application the court shall fix a sum of money to be deposited by the applicant with the clerk [including] * * * (4) an amount not less than double the amount of attorneys' fees allowed upon the foreclosure under section 582.01, to cover any allowance the court may make upon the trial for costs and attorneys' fees in the action or upon appeal."

In the Bierlein case, we went on to say (255 Minn. 151, 96 N. W. 2d 579):

"* * * The amount which may be allowed may not exceed a reasonable charge for the work involved in foreclosing the lien.

In an ordinary case, that may not exceed the amount indicated by § 514.10."

In the Larson-Roberts case, which also involved the reasonableness of attorneys' fees allowed in a mechanics lien foreclosure, we referred to the above-quoted language and commented as follows (267 Minn. 488, 127 N. W. 2d 164):

"In the Bierlein case, we regarded this language as some indication of legislative policy concerning the maximum amount which would be considered reasonable in the ordinary case *where no evidence was submitted* to establish the reasonable value of the services. We did not, however, construe the language as a maximum limitation in cases where the issue is contested or where, as here, the proof is undisputed." (Italics supplied.)

In order to end any confusion which might arise as a result of inconsistencies between the Bierlein case and other cases of this court dealing with attorneys' fees in mechanics lien cases, we now hold that reasonable attorneys' fees may be awarded within the discretion of the trial judge, exercised after due consideration of the evidence presented on the question and of his own observation of services rendered. If no evidence whatever is presented on the subject, the trial court should then refer to § 514.10 as a guide to the fees to be awarded. Anything contained in the Bierlein case which is inconsistent with this holding is hereby overruled.

A large fee is not necessarily an unreasonable fee. On the other hand, in cases involving the awarding of reasonable attorneys' fees, we do not deem it to be unduly burdensome on attorneys to require them to present probative evidence to the trial court to assist it in setting the amount of the fees. In that connection it would be helpful to the trial court, and to this court on appeal, to have, if possible, in addition to a recitation of the services performed and to be performed in the future, testimony regarding the time consumed by the attorney in performing his services or such other probative evidence as may assist the trial

court in arriving at a fair and reasonable fee. The trial court may also take into consideration such factors as the ability and experience of the attorneys involved, the amount involved, the responsibilities assumed by the attorneys in the case, and the results obtained. In re Living Trust created by Atwood, 227 Minn. 495, 35 N. W. 2d 736 (1949) ; Hempel v. Hempel, 225 Minn. 287, 30 N. W. 2d 594 (1948).

The evidence presented in the instant case as to the reasonableness of the fees was not as complete and inclusive as it might have been. Nonetheless, based upon a careful review of the record and on the fact that the testimony as to the reasonableness of the fees was uncontradicted, we cannot say that the trial court abused its discretion in determining the fees which were awarded in this case.

No award of attorneys' fees shall be made to either party on this appeal.

Affirmed.