**In re the Marriage of Ann MOBERG, petitioner, Respondent,**

v.

**Allen W. MOBERG, Appellant.**

**No. C6–83–1278.**

Court of Appeals of Minnesota.

June 19, 1984.

Jack S. Jaycox, Roger J. Trudeau, Bloomington, for appellant.

David Gronbeck, Mark E. LeMay, Minneapolis, for respondent.

Heard, considered, and decided by WOZNIAK, P.J., and HUSPENI and NIERENGARTEN, JJ.

## OPINION

HUSPENI, Judge.

This matter arises out of a series of post-dissolution proceedings. Appellant Allen Moberg sought review of a Hennepin County family court referee's award of attorney's fees and receiver's fees and the trial court affirmed. Allen contends that the trial court improperly denied an evidentiary hearing on the reasonableness of the attorney's and receiver's fees. We affirm.

## FACTS

On June 12, 1978, a judgment and decree was entered dissolving the marriage of respondent Ann Moberg and appellant Allen Moberg. On May 15, 1981, a family court referee increased Allen's child support and established an award of maintenance. On September 17, 1982, a family court referee ordered the appointment of a receiver to sequester Allen's airplane and Mercedes automobile to assure a source for arrearage payments of child support and maintenance. Subsequent to the issuance of the September 17 order, the parties agreed that the reasonableness of attorney's fees incurred through approximately December 1982 would be determined pursuant to letters submitted by experts chosen by each of the parties. An expert opinion was submitted on behalf of Ann; Allen did not submit an expert opinion. Allen's attorney submitted his own letter.

On February 25, 1983, a family court referee ordered Allen to pay $10,000 in attorney's fees and $1,832.05 in receiver's fees. On March 4, 1983, Allen requested by letter that the family court referee vacate the February 25 order because it was based in part on a receiver's report which was inadvertently submitted to the referee. A completed report was never submitted. The February 25 order was not vacated nor was formal review of it sought by Allen at that time.

On April 15, 1983, a family court judge vacated the May 15, 1981, order. In addition, the family court judge ordered Ann to prepare a detailed accounting of all costs and attorney's fees requested by her. The family court judge also afforded Allen an opportunity to contest such fees and costs at a hearing scheduled for November 7, 1983 (rescheduled for November 8, 1983). Ann appealed the April 15 order to the Minnesota Supreme Court.

On May 12, 1983, Allen moved to vacate the February 25 order in light of the family court judge's order of April 15. In an order dated May 13, 1983, the family court referee reconsidered her February 25 order. The referee affirmed the award of $1,832.05 to the receiver for fees earned up to December 6, 1982, and affirmed the attorney's fees award of $10,000. The May 13 order also discharged the receiver and scheduled a one-half day evidentiary hearing regarding the reasonableness of the receiver's fees earned from December 7, 1982, through May 13, 1983. Allen sought review of the May 13 order by the family court judge. On July 22, 1983, a special term judge of District Court issued an order allowing Allen to take the deposition of the receiver at such time as Allen posted a $3,500 bond, conditioned upon the payment to the receiver of the fees owing to him.

In due course, a family court judge reviewed the referee's May 13 order. On August 3, 1983, that judge issued an order affirming the referee, ordering judgment for attorney's fees of $10,000 (plus $500 for being required to appear at a motion hearing), and ordered judgment for receiver's fees of $6,500, plus $500, without an evidentiary hearing. The August 3 order also provided that there would be no further court proceedings prior to the November 8 hearing. Ultimately, the November 8 hearing was stayed pending the outcome of the appeals to this court and to the Supreme Court.

Allen petitioned the Supreme Court "for a writ of prohibition restraining the District Court from enforcing the order of August 3, 1983 and/or for a Writ of Mandamus requiring that said order be vacated." On August 22, 1983, that petition was denied by the Supreme Court. Allen appealed the August 3 order to this court.

In an opinion filed April 20, 1984, the Supreme Court reversed the April 15, 1983, order and remanded the case with instructions to reinstate the May 15, 1981, order. *Moberg v. Moberg,* 347 N.W.2d 791 (Minn. 1984).

### ISSUE

Did the family court in its order dated August 3, 1983, improperly deny an evidentiary hearing on the reasonableness of attorney's fees and receiver's fees?

### ANALYSIS

As the Supreme Court noted in *Moberg v. Moberg,* 347 N.W.2d 791 (Minn.1984), the District Court file in this case is "voluminous and complex." It covers a multitude of post-dissolution matters. Most of the motions and orders in the file reflect efforts of Ann to enforce the terms of the Judgment and Decree of Dissolution against Allen, or to modify the terms of that Judgment and Decree. In the matter presently before this court, Ann was seeking a post-decree award of attorney's fees, and the court-appointed receiver was seeking his fees.

### ATTORNEY'S FEES

Allen contends that the order of April 15, 1983, specifically reserved the issue of attorney's fees requested by Ann. That order provides in pertinent part:

9. That petitioner's [Ann's] counsel furnish to the court and to respondent's [Allen's] counsel a detailed accounting of all costs and attorneys' fees requested by the petitioner and justification therefore. This accounting must be submitted no later than October 1, 1983, and must, as completely as possible, reflect costs incurred as of that date.

■■■ Allen claims, based on this language, that the May 13 order in which the referee affirmed her own February 25 order, improperly overruled the intervening April 15 order. We cannot agree. It is reasonable to interpret the language in the April 15 order as granting an opportunity to Allen to contest those fees and costs requested by Ann which were incurred subsequent to those fees awarded in the February 25 order. The February 25 order was in full force and effect, had not been reviewed pursuant to Minn.Stat. § 484.-65(9) (1982), and remained part of the record at the time the April 15 order was issued. An award of attorney's fees should not be disturbed absent clear abuse of discretion. *Davis v. Davis,* 306 Minn. 536, 235 N.W.2d 836 (1975). We find no merit in Allen's argument that the $10,000 judgment against him for attorney's fees was not properly awarded. Neither do we find any abuse of discretion in the $500 attorney's fees award pursuant to the order dated August 3, 1983.

Allen's argument that the attorney's fees are improper because they were generated in pursuit of the enforcement of an order declared void is moot in light of the Supreme Court's decision of April 20, 1984, reinstating the May 15, 1981, referee's order. *Moberg v. Moberg,* 347 N.W.2d 791 (Minn.1984).

### PRE–DECEMBER 7, 1982, RECEIVER'S FEES

■■ The receiver's report was inadvertently submitted to the family court referee

prior to the order of February 25, 1983. However, the record is void of any evidence that Allen was prejudiced by the report. The receiver testified that the report was not erroneous. Allen's only argument is that the filing of the receiver's report was inadvertent. He has not identified any specific errors in the report. Moreover, Allen sought no review of the February 25 order. The March 4 letter of Allen's attorney to the referee asking for review was not a formal petition for review. Proper review could only occur pursuant to Minn.Stat. § 484.65(9) (1982) within ten days after the issuance of the referee's order. Allen is deemed to have waived his right to object to receiver's fees awarded through December 6, 1982.

## POST–DECEMBER 6, 1982, RECEIVER'S FEES

The family court referee's order of May 13, 1983, granted a one-half day evidentiary hearing regarding the reasonableness of the receiver's fees earned from December 7, 1982, through May 13, 1983. Allen claims that it was improper for the trial court in its August 3, 1983, order to make an award for post-December 6, 1982, receiver's fees. Allen complains that he was denied an evidentiary hearing and that the trial court did not have an opportunity to observe the services performed by the receiver.

■ There are no specific Minnesota cases outlining the guidelines for awarding receiver's fees. However, it is reasonable to apply the guidelines for awarding attorney's fees to the awarding of receiver's fees. In Minnesota, in awarding attorney's fees, there must be "a determination of reasonable value based upon proof thereof or the court's observation of the services performed." *Larson-Roberts Electric Co. v. Burdick*, 267 Minn. 486, 489, 127 N.W.2d 163, 165 (1964). In *Borchert v. Borchert*, 279 Minn. 16, 154 N.W.2d 902 (1967), the court held that a "letter and a statement itemizing, without placing a value thereon, some of the work done by defendant's counsel" was not sufficient proof of the value of the services. *Id.* at 21, 154 N.W.2d at 906.

In this case, the trial court had before it for review the voluminous record generated during the period of the receiver's service. The litigation was nearly continuous. The matters were complex. In addition, the court had available to it in August 1983 the detailed time records submitted by the receiver. Those records specified the work done and the exact amount of time worked on each item. There was sufficient information in the record to make a determination that the receiver submitted a fair and reasonable bill for his services. It was not essential that the lower court observe the services performed by the receiver.

Allen claims that he was not given an opportunity to cross-examine the receiver as to his records or the work he performed. Allen did have such an opportunity. The deposition of the receiver was specifically authorized by a judge at special term on July 22, 1983. The only condition precedent to the taking of that deposition was the posting of a $3,500 bond. Under all of the circumstances here present, we cannot find that condition onerous. The deposition was not taken. Allen is deemed to have waived any objections he may otherwise have raised regarding an opportunity to cross-examine the receiver.

## DECISION

■ The trial court did not err in awarding attorney's fees and receiver's fees without an evidentiary hearing to determine the reasonableness thereof.

Affirmed.