**Francis T. RYAN, Respondent,**

v.

**BIGOS PROPERTIES, a Minnesota General Partnership by Ted BIGOS as a partner therein, and Ted Bigos, individually, Appellants.**

**No. C3–83–1741.**

Court of Appeals of Minnesota.

July 24, 1984.

Joel A. Seltz, Minneapolis, for appellants.

Victor P. Seiler, Minneapolis, for respondent.

Heard, considered and decided by PARKER, P.J., and FORSBERG and CRIPPEN, JJ.

### OPINION

PARKER, Judge.

Following trial of an action brought by respondent Ryan to recover attorney's fees, the court ordered judgment in favor of Ryan for $15,000. We find that there was insufficient evidence in the record to

support the judgment. We reverse and remand.

## FACTS

This action arose out of the sale of the Meadowbrook Manor Apartments in St. Louis Park and the Skillman Terrace Apartments in St. Paul. In 1978, appellant Bigos properties learned that those properties had been placed on the market with an asking price of $10,200,000 cash. After unsuccessfully attempting to purchase those properties, appellants contacted respondent Francis Ryan through a mutual friend. The parties are in dispute about whether appellants contacted Ryan to help them purchase the properties at a lower price or whether Ryan was retained to assist the sale by convincing the sellers that appellants were financially responsible. The parties do agree that Ryan was chosen because he knew the sellers personally.

The record establishes that Ryan met with appellants at least twice and made several telephone calls on their behalf. Ryan also alleges that he offered valuable advice to appellants, although that fact was disputed at trial.

After additional unsuccessful attempts to purchase the properties, appellants made an offer which was accepted. When Ryan learned that the properties had been purchased, he sent appellants a bill for attorney's fees which amounted to $50,000. Appellants refused to pay the bill, alleging that it was excessive. Ryan thereupon commenced this lawsuit to recover legal fees for the services he had rendered.

During the trial, Ryan testified that he had specifically told appellants his fee was "generally half a point" and would be "substantial." Testimony also indicated that appellants were experienced at buying real estate, had retained attorneys in the past, and fully expected to pay something for Ryan's services. Appellants, however, testified that the precise fee arrangements had never been discussed and that they certainly had not agreed to pay Ryan $50,-000. No expert testimony was introduced by either party to establish the reasonable value of Ryan's services.

The trial court concluded that there was no definite agreement between the parties concerning the amount of compensation which Ryan was to receive, but that the reasonable value of his services was $15,-000. Appellants argue that there was insufficient evidence submitted at trial to prove that Ryan's time was worth $15,000.

## ISSUE

Is there sufficient evidence in the record to sustain the trial court's determination that the reasonable value of Ryan's services was $15,000?

## DISCUSSION

 The reasonable value of an attorney's services has generally been characterized as a question of fact, *Meagher v. Kavli*, 251 Minn. 477, 494, 88 N.W.2d 871, 883 (1958), and a trial court's findings on that issue should therefore be upheld unless clearly erroneous. *Amerman v. Lakeland Development Corp.*, 295 Minn. 536, 537, 203 N.W.2d 400, 401 (1973). Nonetheless, a court's determination of reasonableness must be based either upon its observation of the services performed or proof of their value, *Larson-Roberts Electric Co. v. Burdick*, 267 Minn. 486, 127 N.W.2d 163 (1964), and the findings must be reasonably supported by the evidence. *Action Time Carpets, Inc. v. Midwest Carpet Brokers, Inc.*, 271 N.W.2d 36 (Minn.1978).

In this instance, the record does not contain any evidence establishing a basis for the trial court's figure of $15,000. Ryan testified that he generally charged half a point for this type of transaction, which would result in a figure of $50,000 rather than $15,000. There was no actual evidence that half a point would be a reasonable charge for this type of transaction, nor did either party submit testimony or expert opinions to establish what would, in fact, be a reasonable charge. We are therefore of the opinion that the trial court's determination is unsupported by the record.

## DECISION

■ The trial court erred by determining that Ryan's services were worth $15,000 when no testimony was submitted concerning the reasonable value of those services. We therefore reverse and remand to determine the reasonable value of his services. We also suggest that the court appoint a panel of referees skilled in substantial real estate transactions to assist in determining the reasonable value of Ryan's services in this matter.

Reversed and remanded.