**In re the Marriage of Ann MOBERG, Petitioner, Respondent,**

v.

**Allen MOBERG, Appellant.**

**No. C9–85–954.**

Court of Appeals of Minnesota.

Oct. 1, 1985.

Review Denied Dec. 13, 1985.

Gary A. Weissman, Minneapolis, for respondent.

Jack S. Jaycox, Bloomington, for appellant.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Appellant challenges the trial court's award of expenses and costs incurred by a receiver to collect his court-ordered fees. We affirm.

## FACTS

The lengthy history of this lawsuit is set forth in *Moberg v. Moberg*, 350 N.W.2d 421 (Minn.Ct.App.1984). For purposes of this appeal, the following facts are relevant: The marriage of Ann and Allen Moberg was dissolved on June 12, 1978. Allen Moberg failed to pay an ordered increase in child support, and a receiver was appointed on September 17, 1982, to sequester property to ensure payment of arrearages. On May 13, 1983, the receiver was discharged by a family court referee, and an evidentiary hearing was scheduled to determine the reasonableness of the reciever's fees through May 13, 1983. Moberg appealed the order to the family court judge, who affirmed the referee without an evidentiary hearing and ordered judgment for $7,050. We affirmed that decision in *Moberg*, 350 N.W.2d at 424.

Moberg did not pay the receiver's fees. In December 1984 the receiver initiated a contempt proceeding against him and also requested $1,821.15 for fees and costs incurred in attempting to collect the $7,050 judgment.

The trial court denied the contempt motion because the earlier determination was an order for judgment against Moberg, rather than an order directing him to pay the $7,050. However, the court ordered Moberg to pay the receiver $1,821.15 as costs incurred in attempting to collect the judgment. Moberg has appealed from this order.

## ISSUES

1. May the receiver recover expenses incurred in collecting court-ordered fees after discharge of the receivership?

2. Is the receiver entitled to recover expenses incurred by an associate in his office?

3. Was Moberg denied due process because he was not allowed to cross-examine the receiver about the reasonableness of his fees?

4. Is Moberg entitled to litigate the validity of the underlying judgment?

## ANALYSIS

1. Moberg contends that a receiver cannot recover the costs and expenses incurred to collect a judgment for his fees after discharge of the receivership.

Neither the Minnesota courts nor the legislature have addressed this question. It has been addressed by at least one other

state's court. In *Rosenblatt v. Michigan Avenue National Bank*, 70 Ill.App.3d 1039, 27 Ill.Dec. 370, 389 N.E.2d 182 (1979), the appellants contended, as here, that the trial court should not have awarded fees to a discharged receiver for the expenses of collecting fees which were due as a result of the receivership. The Illinois Appellate Court rejected the appellant's claim and upheld the trial court's award of the fees.

This approach is supported by Minnesota cases defining the role of the receiver. In *Swanson v. Tomlinson Lumber Mills, Inc.*, 307 Minn. 180, 239 N.W.2d 216 (1976), our supreme court stated:

> [I]t cannot be overlooked that the receiver is an officer of the court, appointed to assist it in a task it cannot perform itself. For that reason the court is said to be under an obligation to see that the receiver is paid his fees and expenses.

*Id.* at 186, 239 N.W.2d at 219 (citations omitted). The *Swanson* court concluded that although an underlying judgment had been satisfied, the receiver could continue to serve until his own fees and expenses, including attorney's fees and the fees and expenses incurred on the appeal, had been paid.

We recognize that *Swanson* involved a receiver who continued to serve for the purpose of collecting his fees, whereas in the present situation the receiver was expressly discharged by the court. Nonetheless, we believe that here, as in *Swanson*, the receiver should be allowed compensation for the costs incurred to obtain payment.

■ 2. The receiver who was appointed to sequester Moberg's property is an attorney. Rule 23(f) of the Code of Rules for the District Courts state:

> When an attorney has been appointed receiver, no attorney for such receiver shall be employed except upon the order of the court, which shall be granted only upon the petition of the receiver, stating the name of counsel whom he wishes to employ and showing the necessity for such employment.

In this instance the receiver admits that on several occasions he used the services of an associate in his office for the benefit of the receivership without petitioning the court for permission. Moberg claims the receiver "hired" his associate in violation of Rule 23(f). We disagree. The receiver reduced his fees by assigning work to an associate in his firm whose time was billed at a lower rate. The receiver remained responsible for the associate's work, which is clearly distinguishable from a situation where an outside attorney is employed to assist the receiver. The receiver should not now be penalized for attempting to reduce costs in this matter.

■ 3. Moberg also argues that the fees awarded were unreasonable, and that he should have been allowed to cross-examine the receiver at an evidentiary hearing.

In the earlier *Moberg* case, this court said:

> There are no specific Minnesota cases outlining the guidelines for awarding receiver's fees. However, it is reasonable to apply the guidelines for awarding attorney's fees to the awarding of receiver's fees. In Minnesota, in awarding attorney's fees, there must be "a determination of reasonable value based upon proof thereof or the court's observation of the services performed." *Larson-Roberts Electric Co. v. Burdick*, 267 Minn. 486, 489, 127 N.W.2d 163, 165 (1964).

*Id.*, 350 N.W.2d at 424. The court had available detailed time records submitted by the attorney-receiver, specifying the work performed and the amount of time spent on each task. The receiver also submitted an affidavit with attachments, and both parties submitted memoranda and appeared before the court to argue the reasonableness of the claimed fees. We agree with the trial court that there is sufficient evidence to demonstrate the reasonableness of the receiver's fees.

■ Moberg claims that he was denied due process because he did not have the

opportunity to cross-examine the receiver. Due process requires that a hearing be "fair, practicable, and reasonable." *Saturnini v. Saturnini,* 260 Minn. 494, 498, 110 N.W.2d 480, 483 (1961). The scope of the hearing must be "appropriate to the nature of the case." *Boddie v. Connecticut,* 401 U.S. 371, 378–79, 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1971).

We do not believe the trial court's refusal to allow cross-examination of the receiver denied Moberg due process of law. Moberg's attorney and the attorney-receiver were both present before the court and argued their motions orally. Although Moberg's attorney did not actually cross-examine the receiver, he obviously had the opportunity to respond to the receiver's claims. The court heard both parties and had an opportunity to review the records and memoranda submitted. The determination of this type of issue does not really require an adversarial presentation of evidence. *See, e.g., Tesch v. Tesch,* 63 Wis.2d 320, 217 N.W.2d 647, 654 (1974).

4. Finally, Moberg claims that the trial court improperly awarded the receiver's fees because those fees were generated to collect an invalid judgment. Moberg claims that the $7,050 judgment which the receiver attempted to collect was not valid because he was denied an evidentiary hearing to challenge the amount.

Issues concerning the validity of the $7,050 judgment and Moberg's alleged entitlement to a hearing have already been expressly ruled upon in *Moberg v. Moberg,* 350 N.W.2d 421 (Minn.App.1984). That decision is *res judicata,* and Moberg's claim is without merit.

### DECISION

The trial court properly awarded the receiver the expenses and costs of collecting court-ordered fees after discharge of the receivership.

Affirmed.