In Re the Welfare of L.C.C., Child.

Thomas Bennett WILSON,
III, Appellant,

v.

Honorable Homer A. SAETRE,
Respondent.

No. C5–86–735.

Court of Appeals of Minnesota.

Sept. 2, 1986.

Review Denied Nov. 17, 1986.

Thomas Bennett Wilson, III, Edina, pro se.

Hubert H. Humphrey, III, Atty. Gen., Mark B. Levinger, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and WOZNIAK and RANDALL, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Thomas Bennett Wilson III, an attorney appointed by the trial court to represent an indigent, appeals from a trial court order granting him partial payment of a bill he submitted. He contends the trial court's findings of fact are clearly erroneous and he is entitled to compensation for all services he performed. He also claims the trial court erred by not awarding interest on the amount owed under Minn.Stat. § 549.09 (1984) and attorney fees pursuant to Minn. Stat. § 549.21 (1984). We affirm.

## FACTS

Gary Cordie was involved in a dependency and neglect proceeding involving his 10–year–old daughter. At the same time, his ex-wife, Renae Hummel, petitioned for custody modification, seeking temporary and permanent legal and physical custody of the child. Although the trial court did not award Hummel temporary custody, it temporarily placed the child with her in North Dakota.

Appellant, who was representing Cordie in another matter, was appointed by the trial court on March 11, 1985 to represent Cordie in the dependency and neglect proceedings at the county's expense. The order appointing appellant states that representation at county expense is

> limited to those matters pertaining to the petition of Leanne Cordie as neglected and/or dependent * * * the county shall not be authorized to pay for representation of Gary Cordie on an action presently commenced by the natural mother for physical and legal custody of the child * * *.

Wilson represented Cordie at an April 11 dependency and neglect hearing which the trial court continued to May 8, 1985. However, on May 2, 1985, in response to a motion by the county attorney, the trial court ordered the May 8 hearing would pertain only to the custody modification request and clearly designated a file number different from that of the dependency and neglect matter.

Wilson continued to represent Cordie until August 1985. In October 1985, the court permitted appellant to formally withdraw his representation.

Appellant submitted his bill to the trial court in August 1985. On February 4, 1986, he petitioned this court for a writ of mandamus ordering the trial court to render a decision on his bill which this court

granted on March 11, 1986. The trial court entered its decision on appellant's bill on March 27, 1986. The court disallowed charges on and after May 6, 1985 because it was for work performed relating to the custody proceeding.

Wilson appealed on April 28, 1986. After briefing was completed, respondent moved for dismissal. A decision on that motion was deferred until consideration of this appeal on the merits.

### ISSUES

1. Did the trial court abuse its discretion by refusing to order the county to pay Wilson for all his time expended in representing Cordie?

2. Did the trial court err by not awarding interest under Minn.Stat. § 549.09 and attorney fees under Minn.Stat. § 549.21?

3. Should the appeal be dismissed?

### ANALYSIS

1. The trial court determined appellant was entitled to payment by the county for legal services rendered through May 5, 1985. The trial court's findings state it ordered that all hearings after May 2, 1985 would be with respect to custody and all hearings pertaining to the dependency action were "held in abeyance" until completion of the custody determination. The trial court further found it announced at a May 8, 1985 hearing that all hearings until further notification would be restricted to the custody action and all motions filed and orders issued were considered only with respect to custody. Appellant now contends the evidence here does not support these findings and they are clearly erroneous.

◼ Minn.R.Civ.P. 52.01 provides that a trial court's findings of fact shall not be disturbed unless they are clearly erroneous. Under this rule, the trial court's findings may be set aside only if the appellate court is firmly convinced on the entire evidence that a mistake was made. *Minnesota Public Interest Research Group v. White Bear Rod & Gun Club*, 257 N.W.2d 762, 782–83 (Minn.1977). On appeal, the evidence must be considered in a light most favorable to the trial court's findings. *Rinker v. Rinker*, 358 N.W.2d 165, 167 (Minn.Ct.App.1984).

◼ The record supports these findings. The order appointing Wilson clearly states the county would only pay for work on matters pertaining to the neglect and dependency petition and specifically omits custody proceedings.

At the April 11, 1985 hearing on the dependency case, the trial court said the case would be continued until May 8. On April 18, the county attorney asked that the custody issue be tried first. Over appellant's objections, on May 2, 1985, the trial court ordered that "the hearing on May 8 and 9, 1985, shall commence with a hearing upon the matters of custody under the Petition of Renae Hummel for the custody of the minor child of the parties, File Number C–5297." The trial court followed with a May 16, 1985 order stating the hearing on the dependency matter would be continued until reinstated by further court order.

Appellant argues because dependency issues were discussed at the custody modification hearings, he should be compensated for time spent on them. Although the trial court acknowledged similar issues and evidence were contained in both cases, it was made clear to Wilson that he would not be paid by the county for work on the custody matter.

◼ There is no rule requiring a trial court to summarily approve bills submitted by court-appointed attorneys. Trial courts have broad discretion in determining the amount of compensation. *See Mathison v. Young*, 333 N.W.2d 477, 478 (Iowa 1983). In similar situations we have held an award of attorney's fees will not be disturbed on appeal absent a clear abuse of discretion. *Moberg v. Moberg*, 350 N.W.2d 421, 423 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Oct. 16, 1984).

In this case the trial court, familiar with the work required on the dependency and

neglect case and aware of his prior orders, determined Wilson was to be paid by the county through May 5, 1986. Based on the record before this court, the trial court did not abuse its discretion in this case.

2. Appellant argues for interest under Minn.Stat. § 549.21 (1984) and attorney fees under Minn.Stat. § 549.09 (1984).

Minn.Stat. § 549.21 provides:

Upon motion of a party, the court in its discretion may award to that party * * * reasonable attorney fees * * * if the party or attorney against whom * * * fees are charged acted in bad faith.

The supreme court characterized this statute as codification of the common law rule that attorney fees may be recovered where an unsuccessful party has acted in bad faith. *See National Recruiters, Inc. v. Toro Co.*, 343 N.W.2d 704, 708–09 (Minn.Ct.App.1984) (citing *Fownes v. Hubbard Broadcasting, Inc.*, 310 Minn. 540, 542, 246 N.W.2d 700, 702 (Minn.1976)). In *Minnesota-Iowa Television Co. v. Watonwan T.V. Improvement Association*, 294 N.W.2d 297, 311 (Minn.1980), the court specifically stated section 549.21 applies only to a party or attorney acting in bad faith as to an issue in litigation. *Id.*

The trial court was not a party or an attorney involved in litigation. Further, appellant presents no specific example of bad faith. Appellant only mentions he found it necessary to obtain a writ of mandamus ordering the trial court to decide his bill. The trial court fully explained the reason for its delay in acting on Wilson's bill in the memorandum attached to the order.

Appellant claims *Fownes* authorizes attorney fees in a mandamus proceeding because it meets the definition of adversarial litigation. This argument is unfounded. "Where the Minnesota Legislature has determined that successful litigants in certain types of proceedings should be awarded attorneys fees, it has explicitly so provided." *Fownes*, 310 Minn. at 547 n. 7, 246 N.W.2d at 704 n. 7. The legislature has not explicitly applied Minn.

Stat. § 549.21 to a mandamus action such as this. The trial court did not err in not awarding attorney fees.

Minn.Stat. § 549.09 provides for awards of prejudgment interest and states in part:

Except as otherwise provided by contract or allowed by law, pre-verdict or pre-report interest shall not be awarded on the following:

*   *   *   *   *   *

(5) that portion of any verdict or report which is founded upon interest, or costs, disbursements, attorney fees, or other similar items added by the court.

This statute does not authorize payment of interest on attorney fees in situations such as this.

3. While we affirm on the merits in this matter and do not address the issue of judicial immunity or respondent's request for dismissal, we emphasize that an attorney appointed to represent indigents is appointed by the trial court but is to be paid by the county. Payment of fees is not the personal responsibility of the appointing judge.

### DECISION

Where a trial court appoints an attorney to represent an indigent and clearly designates which matters are to be paid by the county, it is not an abuse of discretion to disallow payment for legal services outside the scope of the appointed matters.

Affirmed.