**TED MURR, INC., Appellant,**

v.

**William OBERG, et al., Respondents,**

**Raymond Banaszewski, et al., Defendants.**

**No. C6–87–9.**

Court of Appeals of Minnesota.

June 30, 1987.

Paul H. Anderson, LeVander, Gillen, Miller, Anderson & Kuntz, South St. Paul, for appellant.

Tim D. Wermager, Law Office of Harry P. Schoen, Hastings, for respondents.

Considered and decided by LANSING, P.J., and HUSPENI and RANDALL, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

This is an appeal taken from a judgment denying appellant Ted Murr, Inc. (Murr) enforcement of a mechanic's lien filed against property owned by respondents William and Lynda Oberg (Obergs). On appeal, Murr contends (1) its mechanic's lien notice was filed within the statutory period; (2) the amount of judgment was unreasonable and unsupported by the evidence; (3) it suffered harm and prejudice as a result of Obergs' failure to file an answer in a timely manner; (4) the fee owner was subject to the mechanic's lien; and (5) Murr was entitled to attorney's fees. We affirm.

## FACTS

On October 2, 1984, Murr filed a mechanic's lien against the Obergs' property in connection with improvements to that property. The Obergs own the property in question pursuant to a contract for deed in which the fee owner is Marvin A. Schumaker. The Obergs' property was heavily damaged by fire on or about April 6, 1984. As a result of the fire, they contacted Murr and requested an estimate for the cost of demolishing and rebuilding the damaged property. Murr began the demolition work on April 16, 1984, while working on an estimate for the complete project. Demolition was essentially completed within two weeks. In May, Murr returned to the site to shore up walls of the structure after strong winds had been reported in the area.

The Obergs subsequently informed Murr that it would not be retained as general contractor. According to the Obergs, Murr

was given this information in early June of 1984. Murr, however, claims that it was not told until July of that year. Murr claims that on July 26, 1984, after receiving notice that it would not be employed to rebuild the structure, one worker returned to the Obergs' property to further secure the walls, build a protective railing around the basement stairway and remove tools and materials. The Obergs contend Murr did not provide any additional services in July of 1984.

In September 1984 Murr sent the Obergs its bill for services rendered. The Obergs offered to pay an amount less than that requested, but refused to pay the bill as stated. Murr filed a mechanic's lien for the amount of the unpaid bill on October 2, 1984, and subsequently brought an action to foreclose on the lien by serving the Obergs with a summons and complaint in March of 1985. Respondents served their answers in April and May 1986 and filed their answers on August 7, 1986.

The foreclosure action came before the trial court on August 8, 1986. After considering conflicting testimony, the trial court found, in part, that:

> [Murr] failed to establish by the greater weight of the evidence that any labor or materials for the improvement of the premises were furnished after the month of April 1984.
>
> A mechanics' lien statement was filed by [Murr] on October 2, 1984 more than 120 days after furnishing the last item of labor and materials for the improvement of the premises.
>
> No harm or prejudice resulted * * * by reason of [respondents'] inadvertence in making service of their answer rather than filing it within 20 days after service of the summons and complaint.
>
> The reasonable value of labor and materials furnished by [Murr] was in the amount of $7,288.00.

The trial court refused to enforce Murr's mechanic's lien but did grant it judgment against the Obergs in the amount of $7,288.

## ISSUES

1. Were the trial court's findings clearly erroneous?

2. Did the trial court err in calculating the amount of judgment?

3. Did the trial court err in finding that no harm or prejudice resulted by Obergs' failure to file their answer in a timely manner?

4. Did the trial court err in deciding that the fee owner's interest was not subject to Murr's mechanic's lien?

5. Was Murr entitled to attorney's fees?

## ANALYSIS

### I.

Murr challenges on appeal the factual findings of the trial court. It is well established that upon review such findings will not be set aside unless they are clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. Minn.R. Civ.P. 52.01; *Peterson v. Johnston,* 254 N.W.2d 360, 362 (Minn.1977).

Minn.Stat. § 514.08, subd. 1 (1986) reads in relevant part:

> The [mechanic's] lien ceases at the end of 120 days after doing the last of the work, or furnishing the last item of skill, material, or machinery, unless within this period:
>
> (1) A statement of the claim is filed for record with the county recorder * * *; and
>
> (2) A copy of the statement is served personally or by certified mail on the owner * * *.

*Id.* Murr contends the trial court erroneously found that its lien notice was not within the statutory 120 days after doing the last of the work on the Obergs' property. Murr particularly argues that the record indicates that the last work was performed on the Obergs' property in July, rather than in April as the trial court found.

The trial court found that Murr had not established that labor or materials were

furnished after April 1984. However, at trial Murr presented time cards indicating work was performed in May and July. Lynda Oberg testified:

Q: * * * Do you have any reason to dispute that those hours were actually worked on the site?

A: The hours in July I dispute.

Q: Taking that aside do you have any dispute with the other hours being worked?

A: No.

The testimony does not support the finding that no work was performed after April of 1984 because the Obergs do not dispute that work was done in May. However, the notice of mechanic's lien was not filed within 120 days of the date in May when work was done by Murr. In order to satisfy the statutory requirements, Murr must show that work was performed after June 4, 1984.

The only allegation of work performed within the applicable time period is Murr's assertion that one worker was at the site for one hour on July 26. Murr contends that after being told its bid for reconstruction would not be accepted, the worker was directed to remove tools and materials from the property and to construct a railing around an open stairwell. The Obergs respond that Murr had been told nearly two months earlier that its bid would not be accepted, that there were no tools on the property to be retrieved by the worker and that no railing was ever constructed.

■ The testimony presented by the Obergs supports the trial court's decision that notice of the lien was not filed within 120 days of the date of the last work on the project. Murr presented directly contradictory testimony, thereby requiring the trial court to determine which testimony was the most credible. Such a determination is to be made by the trial court and will not be upset on appeal.

■ Murr also argues that the trial court erred by not making specific findings regarding the performance of work in July 1984. The absence of a finding cannot be reviewed unless a motion for amended findings or a new trial has been brought by appellant. *Metropolitan Sav. and Loan Ass'n v. Adams,* 356 N.W.2d 415, 421 (Minn.Ct.App.1984), *pet. for rev. denied,* (Minn. Jan. 2, 1985). No such motion was brought in this case. Instead appeal was taken from the judgment, and our scope of review is limited to determining whether the record supports the findings and the conclusions of law. *Gruenhagen v. Larson,* 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976). Finally, the trial court concluded that Murr failed to establish by "the greater weight of evidence that any labor or materials for the improvement of the premises were furnished after the month of April 1984." Although the trial court did not specifically address the month of July 1984, a reviewing court is not required to reverse simply because the trial court might have gone into more detail in the explanation of its findings. *Caroga Realty Co. v. Tapper,* 274 Minn. 164, 171, 143 N.W.2d 215, 221 (1966).

**II.**

Murr also contends the amount of the trial court's judgment was unreasonable and unsupported by the record. In its itemized bill, Murr asked for $8,251.66 for services and materials supplied to the Obergs. The trial court found that the reasonable value of labor and materials was $7,288. On appeal, the Obergs contend that they owe appellant no more than $5,954.

■ The court received testimony from various experts regarding the hourly rates for construction services. The trial court also heard evidence regarding the insurance reimbursement received by the Obergs and the hourly rates used to reach the reimbursement figure. Considering the disputed evidence regarding the number of hours worked and the hourly wage, we cannot say the trial court abused its discretion in determining its judgment figure.

**III.**

■ Appellant next contends the Obergs' failure to file a timely answer bars

any defense to its mechanic's lien action. The answer had been served earlier. The record does not suggest Murr suffered any harm or prejudice as a result of the Obergs' failure to file a timely answer. We therefore conclude the trial court did not abuse its discretion in allowing the Obergs' answer to be filed after the statutory period.

## IV.

■ Evidence supporting the lack of an enforceable mechanic's lien against the Obergs' interest also supports the lack of an enforceable lien against the fee owner, Marvin Schumaker. Furthermore, as a contract vendor, Schumaker must have had knowledge that improvements were being made before a lien could attach to his interest. Minn.Stat. § 514.06. The record does not suggest Schumaker had knowledge of any improvements made by Murr.

## V.

■ Attorney's fees in mechanic's lien cases require an enforceable mechanic's lien. The record here supports the trial court's conclusion that Murr has an unenforceable mechanic's lien, precluding an award of attorney's fees. *See Obraske v. Woody,* 294 Minn. 105, 199 N.W.2d 429 (1972).

## DECISION

The trial court did not err in concluding that the mechanic's lien was unenforceable or in calculating the amount of the judgment.

Affirmed.