STIGLICH CONSTRUCTION, INC., Appellant,

v.

**Vernet B. LARSON, III, Respondent.**

**Kathleen M. Larson, et al., Defendants.**

**No. C6–00–1190.**

Court of Appeals of Minnesota.

Jan. 30, 2001.

Review Denied March 27, 2001.

Marvin T. Fabyanske, Jocelyn L. Knoll, Aaron A. Dean, Fabyanske, Westra & Hart, P.A., Minneapolis, MN, for appellant.

Ronald Snelling, Snelling, Christensen & Laue, P.A., Minneapolis, MN, for respondent.

Considered and decided by SHUMAKER, Presiding Judge, WILLIS, Judge, and HOLTAN, Judge.*

## OPINION

SHUMAKER, Judge

Appellant Stiglich Construction, Inc., brought a mechanic's lien foreclosure action against respondent Vernet B. Larson, III. The parties arbitrated the contract dispute and appellant then moved the district court to award attorney fees incurred in the arbitration. The district court ruled that appellant waived its right to arbitration attorney fees by failing to request them in the arbitration. Because appellant properly reserved its right to request attorney fees in the district court mechanic's lien foreclosure, we reverse and remand.

## FACTS

General contractor Stiglich Construction, Inc., agreed to build a warehouse addition and to do remodeling and site improvements for Vernet Larson. The parties signed an American Institute of Architects (AIA) standard form contract.

When a dispute over payment arose, Stiglich filed a mechanic's lien statement; demanded arbitration in accordance with a mandatory arbitration provision in the AIA contract; and started a mechanic's lien foreclosure action, claiming entitlement to a lien in the amount of $241,218, plus costs and attorney fees.

The parties arbitrated their respective claims and counterclaims and the arbitrator made an award. Stiglich did not ask for attorney fees in the arbitration.

When Stiglich moved the district court for an order confirming the arbitrator's award and establishing and foreclosing a mechanic's lien, Stiglich added to the lien claim the attorney fees it incurred for the arbitration. Larson objected to the inclu-

sion of Stiglich's arbitration attorney fees, contending that Stiglich waived such fees by failing to submit them to the arbitrator. Citing language in the AIA contract, the district court ruled that Stiglich was entitled to attorney fees and costs incurred in the district court but not in the arbitration. Stiglich appeals.

## ISSUE

The general contractor and property owner enter a contract that requires arbitration of all claims but allows parties to reserve other rights and remedies. By failing to request an award of attorney fees in the arbitration, did the contractor waive its right to claim such fees during the mechanic's lien foreclosure action?

## ANALYSIS

■■■ The premise of the district court's order is that Stiglich and Larson agreed to arbitrate all claims arising out of or related to the contract. The district court concluded that the attorney fee claim is related to the contract, and, by failing to arbitrate that claim, Stiglich waived its right to obtain attorney fees and costs incurred in the arbitration. Whether or not a party has agreed to arbitrate a particular dispute is a matter of contract interpretation, which this court reviews de novo. *Ottman v. Fadden*, 575 N.W.2d 593, 595 (Minn.App.1998). A party can be required to arbitrate only those disputes it agreed to submit to arbitration. *Id.*, citing *AT & T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986).

There are two provisions of the AIA contract at issue here. The first defines the scope of arbitrable issues:

**4.5.1 Controversies or Claims Subject to Arbitration.** Any controversy or Claim arising out of or related to the Contract, or the breach thereof, shall be settled by arbitration in accordance with

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by

appointment pursuant to Minn. Const. art. VI, § 10.

the Construction Industry Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator or arbitrators may be entered in any court having jurisdiction thereof * * *.[1]

The second provision allows parties to reserve rights and remedies otherwise available by law:

> 13.4.1 Duties and obligations imposed by the Contract Documents and rights and remedies available thereunder shall be in addition to and not a limitation of duties, obligations, rights and remedies otherwise imposed or available by law.

Stiglich contends that it reserved its right under the second provision to seek attorney fees in the lien foreclosure action pending in district court during the arbitration.

■ In a mechanic's lien foreclosure action, a prevailing lienor is entitled to "costs and disbursements to be fixed by the court * * *." Minn.Stat. § 514.14 (1998). As part of the lienor's costs and disbursements, the court may award a reasonable attorney fee. *See Obraske v. Woody,* 294 Minn. 105, 108, 199 N.W.2d 429, 431 (1972) (stating that costs and disbursements include an award for attorney fees). The parties' AIA contract does not specifically provide for an award of attorney fees in the mandatory arbitration.

■ If we were to read the AIA contract as Larson urges, and as the district court did, we would be giving legal force to the "claims" provision, but we would be ignoring the "reservation of rights" provision. The law requires us to construe a contract as a whole so as to harmonize all provisions, if possible, and to avoid a construction that would render one or more provisions meaningless. *Chergosky v.*

*Crosstown Bell, Inc.,* 463 N.W.2d 522, 525–26 (Minn.1990).

We believe that a reasonable construction of the AIA contract, one that harmonizes the provisions at issue, mandates arbitration for contractual claims but allows the contractor to reserve statutory lien rights to secure payment. The right to attorney fees, found only in the statutes, is a component of the statutory rights the contractor may reserve for district court determination.

Other jurisdictions that have examined identical or substantially similar AIA provisions have reached the same result. *See, e.g., Stanley Smith & Sons, Inc. v. Dumas,* 315 S.C. 30, 431 S.E.2d 595, 596 (1993) (holding that a reservation of rights provision entitled the contractor to seek attorney fees in the statutory enforcement action for both that action and the arbitration); *Sentry Eng'g & Const. Inc., v. Mariner's Cay Dev. Corp.,* 287 S.C. 346, 338 S.E.2d 631, 636 (S.C.1985) (holding that "where a contract providing for arbitration includes a reservation of rights and the lienor must bring a foreclosure action to enforce an arbitration award * * *" the lienor may obtain attorney fees for both proceedings).

Although we are not bound by authorities in other jurisdictions, we find persuasive the view of the Oregon court in its construction of provisions identical to those at issue here:

> It does not seem the most likely reading of this reservation of rights that it meant to sacrifice attorney fees which the law allows when all the phases of the foreclosure remedy are litigated in court. Rather, it seems more consonant with the apparent objective of including a reservation of rights * * * as disavowing such a limitation on the otherwise available right to attorney fees.

---

1. The contract further defines a claim as:
   a demand or assertion by one of the parties seeking, as a matter of right, adjustment or interpretation of the Contract terms, payment of money, extension of time or other

   relief with respect to the terms of the Contract. The term "Claim" also includes other disputes and matters in question between the Owner and Contractor arising out of or relating to the Contract.

*Harris v. Dyer,* 292 Or. 233, 637 P.2d 918, 921 (1981).

Finally, the district court cites a construction industry rule as to an arbitrator's authority to award attorney fees:

> The award of the arbitrator may include * * * (b) an award of attorney's fees if all parties have requested such an award or it is authorized by law or their arbitration agreement.

R–43, *Construction Industry Dispute Resolution Procedures.* We do not hold that parties to an AIA contract cannot voluntarily arbitrate attorney fee claims. Rather, we note that the agreement did not require the arbitration of attorney fees and that the reservation of rights provision allowed the contractor to reserve that issue for the final phase of the entire litigation.

Stiglich is entitled to submit to the district court a claim for attorney fees for both the arbitration and the court proceeding. The district court's conclusion that Stiglich waived its right to claim attorney fees for the arbitration was error. Because the district court made no findings as to the attorney fees Stiglich incurred in the arbitration, we remand. *See Richard Knutson, Inc. v. Westchester, Inc.,* 374 N.W.2d 485, 490 (Minn.App.1985).

## DECISION

Stiglich properly reserved its right under the parties' contract to submit a claim for arbitration attorney fees during the lien foreclosure action in district court. The court erred in concluding that Stiglich waived its right to such fees by failing to request them in the arbitration.

**Reversed and remanded.**