JOHN C. O'DONNELL v. McGEE TRUCKS, INC.
HAROLD B. STANGENES v. SAME.
L. J. MEUWISSEN v. SAME.

199 N. W. 2d 432.

July 7, 1972—Nos. 43067, 43068, 43069.

*Dorfman & Rudquist, Leo Dorfman,* and *R. W. DuFour, Jr.,* for appellant.

*Stringer, Donnelly, Allen & Sharood, Vincent P. Courtney,* and *A. James Dickinson,* for respondents.

Heard before Knutson, C. J., and Kelly, Todd, and MacLaughlin, JJ.

MacLaughlin, Justice.

These appeals by defendant result from orders of the trial court granting attorneys' fees to plaintiffs in the aggregate sum of $11,550. The parties have stipulated that the appeals may be consolidated for purposes of decision in this court.

Defendant signed four promissory notes in the aggregate amount of $139,650. Each note contained a provision permitting the holder, upon default and after 30 days' written notice, to accelerate the payment of the principal balance. Moreover, each note also contained a provision whereby, should the institution of legal proceedings prove necessary to collect the debt, defendant agreed "to pay the reasonable costs of such collection including attorney's fees." Defendant defaulted in its payments to plaintiffs, and these actions were commenced to collect the amount then due and owing on the notes. Defendant did not interpose an answer to any of the actions, and each case was heard as a default matter by the trial court. Default judgments were entered against defendant in the principal amount of $78,200, plus interest, and in the amount of $11,550 as reasonable attorneys' fees.

When defendant learned of the amounts allowed by the trial court for attorneys' fees, it made a motion in each case for amended findings or, in the alternative, for a new trial. The motions were denied, and this appeal is taken in each case from that part of the order denying a motion for a new trial and from that part of the judgment granting plaintiff the attorneys' fees. Plaintiffs contend that the procedure used by defendant in bringing this matter before the trial court was improper. Because of the disposition we make in this case, we need not discuss or decide the procedural issue raised by plaintiffs.

The issue before us is whether plaintiffs presented adequate evidence to support the attorneys' fees awarded by the trial court, and whether the attorneys' fees awarded were reasonable under the circumstances.

Defendant contends that at the default hearing the sole proof as to the reasonable value of the attorneys' fees was testimony of the attorney for plaintiffs that the Hennepin County Bar Association Minimum Fee Schedule suggests 15 percent of the amount collected in excess of $1,000 as the recommended fee in collection cases of this type. Defendant vigorously contends that this evidence is insufficient to support the conclusions of the trial court. The record does confirm that evidence of the Hennepin County Bar Association Minimum Fee Schedule was received by the trial court and that the fees allowed closely approximate those recommended by the fee schedule.[1]

There is no question that each contract between the parties, i.e., the note, authorized the awarding of reasonable attorneys' fees to plaintiffs. While the claim of defendant as to the proof presented is not entirely unfounded, it is clear that the trial court took other matters into consideration in determining the attorneys' fees. In addition to the obvious fact that plaintiffs' attorney

---

[1] We take judicial notice of the fact that on February 29, 1972, subsequent to the hearing in the trial court in the instant case, the Hennepin County Bar Association Governing Council voted to revoke the minimum fee schedule.

will be required to perform services in the future in an attempt to collect the principal sum of $78,200, there was evidence that defendant had estimated debts "just in excess of $2,000,000" and that a part of the inventory of defendant was to be sold to General Motors for approximately $450,000.

The trial court, in its memorandum, states:

"* * * In fixing those [attorneys' fees] * * * we considered the uncertainty of collection and the amounts involved. * * * In fixing this amount we must necessarily consider the end of the road for the plaintiff, rather than his immediate and present cost. In this case it appeared at the default hearing that the defendant had already sold a part of its inventory and had debts in excess of $2,000,000, far more than the amount it would receive from the inventory. Apparently this is not disputed by the defendant * * *. At the * * * hearing the plaintiff gave us, without objection from the defendant, letters from the attorney for the defendant * * * advising that the defendant was insolvent, but that the obligations could 'probably get paid in about six or seven years.' During the hearing attorney for the plaintiff advised that he was continuing collection efforts aimed at obtaining payment in full.

"In view of the foregoing, with the plaintiff facing the prospect of long-delayed and uncertain payment, we do not consider the costs of collection awarded here to be unreasonable."

Defendant contends that the trial court should not have relied upon the minimum fee schedule to determine the amount of the attorneys' fees. Defendant calls our attention to Bierlein v. Gagnon, 255 Minn. 143, 96 N. W. 2d 573 (1959), and Larson-Roberts Electric Co. Inc. v. Burdick, 267 Minn. 486, 127 N. W. 2d 163 (1964), to support this contention. Those cases state that the minimum fee schedule was intended as a guide only where the relationship of attorney and client exists. However, it is clear that the trial court in the instant case took into consideration important factors other than the recommended minimum fee in

establishing the amount of attorneys' fees to be awarded. The magnitude of the principal amounts involved in the default, the doubtful solvency of defendant, the apparent difficulty of collection, and the anticipation of future services to be performed by plaintiffs' attorney were all reasonable factors to be considered by the trial court.

We stated in Obraske v. Woody, 294 Minn. 105, 109, 199 N. W. 2d 429, 432 (1972):

"* * * [I]n cases involving the awarding of reasonable attorneys' fees, we do not deem it to be unduly burdensome on attorneys to require them to present probative evidence to the trial court to assist it in setting the amount of the fees. In that connection it would be helpful to the trial court, and to this court on appeal, to have, if possible, in addition to a recitation of the services performed and to be performed in the future, testimony regarding the time consumed by the attorney in performing his services or such other probative evidence as may assist the trial court in arriving at a fair and reasonable fee. The trial court may also take into consideration such factors as the ability and experience of the attorneys involved, the amount involved, the responsibilities assumed by the attorneys in the case, and the results obtained."

While this is another case in which the evidence presented as to the reasonableness of the fee is not as complete and inclusive as it might have been, we have concluded that the fees awarded by the trial court were reasonable under the circumstances.

Affirmed.