**SOUTHWEST FIDELITY STATE BANK OF EDINA, Respondent,**

v.

**APOLLO CORPORATE TRAVEL INC., et al., Appellants.**

No. C3-84-874.

Court of Appeals of Minnesota.

Jan. 15, 1985.

Louis W. Brenner and Michael L. Brutlag, Brenner, Workinger & Thompson, Minneapolis, for respondent.

Joseph P. McCormick, Minneapolis, for appellants.

Heard, considered and decided by FORSBERG, P.J., and SEDGWICK and LANSING, JJ.

## OPINION

FORSBERG, Judge.

Appellants Apollo Corporate Travel, Inc., Theodore Tannebaum, and Anita Goluskin appeal from a judgment originally for $60,-371.69 and altered by amended findings to $60,257.94. The amount represents principal due on a promissory note, interest, costs, and attorney's fees.

Appellants claim the trial court abused its discretion in denying their pretrial motion for a continuance and in its award of attorney's fees. We affirm.

## FACTS

Tannebaum and Goluskin are principal stockholders of Apollo Corporate Travel, Inc. (Apollo). In September 1982 Apollo executed and delivered to respondent Southwest Fidelity State Bank of Edina (Southwest) a $40,000 interest-bearing promissory note payable on or before December 1, 1982. The note, signed by Apollo, obligated "[e]ach maker, co-maker, endorser, surety, and guarantor * * * in case of any default to pay all costs of collection, including reasonable attorney's fees and legal expenses." Tannebaum and Goluskin contracted individually with Southwest to guarantee up to $40,000 any and all indebtedness, liabilities, and obligations of Apollo to Southwest. The guarantors also contracted to pay "all costs, expenses and reasonable attorney's fees at any time paid or incurred in endeavoring to collect said indebtedness, liabilities and obligations."

Southwest sued Apollo, Tannebaum, and Goluskin to collect on the note and the contracts of guarantee. Apollo, Tannebaum, and Goluskin then brought suit against Southwest, alleging, among other things, fraud and misrepresentation. The two actions were consolidated for trial.

On January 17, 1984, James Hunter, counsel for appellants, received an order setting the trial for a week certain, the week of February 6, 1984. Hunter timely moved for an order continuing the trial and setting a day certain. The motion was heard on February 2 and an order issued February 3 rescheduling the trial for a day certain, February 9, 1984. Before trial, Hunter renewed his motion for a continuance, which the trial judge denied.

After trial, judgment was entered in favor of Southwest for $60,371.69, subsequently amended to $60,257.94. This amount includes $40,000 principal, $8,179.69 interest up to date of trial, $78.25 interest between trial and entry of judgment, and $12,000 attorney's fees. Of the attorney's fees award, $9,432.56 represents legal expenses incurred or paid on or before the February 9 trial. The court reserved jurisdiction to award additional attorney's fees for future legal expenses incurred by Southwest.

## ISSUES

1. May this court review the trial court's denial of appellants' motion for a continuance?

2. Did the trial court abuse its discretion by failing to grant appellants' motion for a continuance?

3. Did the trial court abuse its discretion in awarding attorney's fees in the amount of $12,000, part of which reflects anticipated future legal expenses?

## ANALYSIS

### I.

■ Southwest contends that this court may not review the trial court's denial of appellants' motion for a continuance because an order denying a continuance is not an appealable order under Minn.R.Civ. App.P. 103.03. It is true that an order denying a continuance is not appealable. *See id.* Appellants, however, do not appeal from the order denying the continuance, but rather from the judgment entered February 15, 1984. Under Minn.R.Civ.App.P. 103.04, on appeal from a judgment this court "may review any order involving the merits or affecting the judgment [and] any other matter as the interest of justice may require." This broad scope of review encompasses review of the trial court's denial of appellants' motion for a continuance.

### II.

■ The granting of a continuance lies within the trial court's discretion and will not be reversed on appeal unless the trial court clearly abused its discretion. *E.g. Dunshee v. Douglas,* 255 N.W.2d 42, 45 (Minn.1977); *Lehman v. Lehman,* 216 Minn. 538, 542–43, 13 N.W.2d 604, 606 (1944). Tannebaum and Goluskin requested a continuance because they were out of state and would have difficulty attending the trial at the time scheduled.

■ Tannebaum's affidavit alleged, specifically, that he was "unable to be present in court during the above period due to the fact that he is required to be out of the city on business." Goluskin's affidavit stated that she:

believes the notice in this matter to be insufficient to allow your affiant to make arrangements relative to finances, transportation, and work. That additionally your affiant is under the care and treatment of a physician for pneumonia, and had previously made arrangements to move her residence from the Washington, D.C. area to the State of Florida in February, 1984, [and that she] believes the scheduling of this matter upon less than three weeks notice to be unfair and burdensome.

The trial court gave Tannebaum and Goluskin almost three weeks notice of the approximate time of trial and then granted their request for a day certain. Their excuses are general and unsupported and provide little basis for finding the trial court's denial of their motion for a continuance arbitrary and capricious.

### III.

■ Because both the promissory note and the contracts of guarantee provide for recovery of attorney's fees, the trial court properly included attorney's fees as an item of Southwest's damages. *See Dworsky v. Vermes Credit Jewelry, Inc.*, 244 Minn. 62, 69–70, 69 N.W.2d 118, 124 (1955). Apollo Travel contends, however, that the portion of attorney's fees attributable to future legal expenses was improperly awarded, citing *Agri Credit Corp. v. Liedman*, 337 N.W.2d 384 (Minn.1983). In *Agri Credit*, the Minnesota Supreme Court determined that where the maker of promissory notes agreed to pay attorneys' fees "paid or incurred" in collection, the creditor was only entitled to an award of reasonable attorney's fees paid or incurred by it up to the entry of judgment and not to an award including fees in anticipation of future legal services. *See id.* at 386–87.

Appellants interpret *Agri Credit* to preclude an award to Southwest of attorney's fees for anticipated future legal expenses because Tannebaum's and Goluskin's contracts of guarantee, like the notes in *Agri Credit*, refer to costs of collection "paid or incurred." However, the note underlying Tannebaum's and Goluskin's obligation does not contain the "paid or incurred" language that the *Agri Credit* court found limiting, but instead refers to "reasonable attorney's fees and legal expenses." In addition, the parties' use of the language "*at any time* paid or incurred" in the contracts of guarantee belies an intention to limit fees to legal work already completed. Therefore, the limitation the *Agri Credit* court applied, to compensation for past legal services, need not be applied here.

■ Finally, the *Agri Credit* court was reviewing the propriety of a $23,850 award where only about 15 hours of legal work had been completed. *See id.* at 387. Here, in contrast, over 75% of the award reflects legal work already completed, and the trial court retained jurisdiction to award additional attorney's fees incurred in the future. The award in this case was not out of proportion to the work completed and likely future legal expenses, particularly considering the additional legal work involved in this appeal. Therefore, this trial court, like numerous past courts, *see, e.g., O'Donnell v. McGee Trucks, Inc.*, 294 Minn. 110, 199 N.W.2d 432 (1972), was within its discretion in awarding attorney's fees reflecting in part anticipated future legal expenses.

### DECISION

The trial court did not abuse its discretion in failing to grant appellant's motion for a continuance and in awarding $12,000 in attorney's fees, part of which reflects anticipated future legal expenses.

Affirmed.