**SPRAGUE NATIONAL BANK,**
Respondent,

v.

**Joseph B. DOTTY, Defendant**
**(C5–87–1149), Appellant**
**(C4–87–1224),**

**John T. Finley, Appellant (C5–87–1149),**
**Defendant (C4–87–1224).**

**Nos. C5–87–1149, C4–87–1224.**

Court of Appeals of Minnesota.

Nov. 24, 1987.

Review Denied Jan. 28, 1988.

Louis W. Brenner and Mary S. Vujovich, Brenner, Workinger & Thompson, Minneapolis, for respondent.

Chris R. Kabella, Moore, Costello & Hart, St. Paul, for Joseph B. Dotty.

Joseph T. O'Neill, O'Neill, Burke & O'Neill, St. Paul, for John T. Finley.

Heard, considered and decided by PARKER, P.J., and NORTON and IVERSON,* JJ.

* Acting as judge of the Court of Appeals by ap-      pointment pursuant to Minn. Const. art. 6, § 2.

## OPINION

IRVING C. IVERSON, Judge.

Following default under the terms of a mortgage note and mortgage, respondent Sprague National Bank initiated this action for a deficiency judgment against appellants Joseph Dotty and John Finley, who personally guaranteed the note and mortgage. Dotty and Finley appeal the trial court order granting Sprague's motion for summary judgment and dismissing their counterclaim and motion for summary judgment. We reverse and remand.

## FACTS

In November 1983, Southview Greens Company, a partnership consisting of Lavesco, Inc., and August Construction, Inc. ("August"), executed a mortgage and mortgage note in favor of respondent Sprague National Bank ("Sprague"). The $425,000 note was personally guaranteed by the appellants Joseph Dotty and John Finley. The note was secured by a mortgage in Sprague's favor on certain property in Dakota County, Minnesota. The property was appraised on two occasions, and valued at $743,000 and $1,030,000 respectively. Sprague disputes the validity of these appraisals for purposes of this action. The appraisals estimated the property value with consideration given to the "highest and best use" of the subject property, namely for condominium development.

In May 1985, August assumed the entire loan obligation, and with the appellants' consent, two other individuals were released from guaranty obligations to Sprague. August subsequently defaulted under the note and mortgage terms, and Sprague commenced proceedings to foreclose the mortgage by advertisement. Prior to the foreclosure sale, the appellants contend they spoke to a Sprague employee and were informed that Sprague had yet to determine its bid price, but would would contact the appellants if they were to bid less than the full loan balance of $474,385. In December 1985, Sprague, the sole bidder at the foreclosure sale, purchased the property for $381,529 without notifying the appellants of its lower bid.

The mortgaged property was redeemed within the six month redemption period by an assignee of August. Prior to the redemption, Sprague had initiated this action against the appellants as guarantors of the original mortgage and mortgage note. Sprague sought a deficiency judgment in the amount of $96,385 which remained due under the note.

The trial court granted Sprague's motion for summary judgment, finding the appellants jointly and severally liable as personal guarantors for the unpaid principal of the note. The court additionally granted Sprague's motion for attorney's fees, including fees incurred in collection of the debt. The trial court denied the appellants' counterclaim and motion for summary judgment.

## ISSUES

1. Did the trial court err in granting respondent's motion for summary judgment?

2. Did the trial court abuse its discretion in awarding respondent attorney's fees?

## ANALYSIS

Under Minn.R.Civ.P. 56.03, a motion for summary judgment will be rendered if:

[T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to judgment as a matter of law.

Upon review of an order granting summary judgment, an appellate court must "determine (1) whether there are any genuine issues of material fact and (2) whether the trial court erred in its application of the law." *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979). *reh'g denied* (July 11, 1979).

The appellants first claim that a genuine issue of material fact exists as to whether Sprague breached its duty to act "fairly and in good faith" when it purchased the property at the foreclosure sale.

Minn.Stat. § 580.11 (1985). Generally, a foreclosure sale free from fraud or irregularity will not be held invalid for inadequacy of the price since the mortgagor has a period following foreclosure to redeem. *G.G.C. Co. v. First National Bank of St. Paul,* 287 N.W.2d 378, 383 (Minn.1979), *reh'g denied* (Oct. 23, 1979); *Kantack v. Kreuer,* 280 Minn. 232, 240, 158 N.W.2d 842, 848 (1968). The rationale behind this rule is that any windfall gained by the lender as a result of its bad faith is negated by redemption. Sprague also asserts that the appellant's bad faith claim is moot because under Minn.Stat. § 580.27 (1985) redemption by August's assignee operated to nullify the foreclosure sale and negate any windfall they may have received.

Although redemption protects the mortgagor from the mortgagee's low bid, because guarantors and mortgagors are separate entities, guarantors may remain liable for a deficiency resulting from the mortgagee's low bid even after redemption by the mortgagor. Redemption may nullify the foreclosure sale and the mortgagee's windfall, but guarantors remain unprotected from the creation of an artificial deficiency due to a low bid made in bad faith. Even if the appellants had obtained and exercised the right to redeem the mortgaged property, the deficiency created by Sprague's low bid would still exist. They are left with a contribution claim against a mortgagor who may be insolvent.

As a result, we find the trial court erred in determining that any alleged fraud on Sprague's part was irrelevant because redemption ameliorated any potential windfall. We recognize that Minnesota courts traditionally have determined that price inadequacy is insufficient to invalidate a foreclosure when redemption is available; however, foreclosure sales nonetheless must remain "free from fraud or irregularity." *G.G.C. Co.,* 287 N.W.2d at 383; *Kantack,* 280 Minn. at 240, 158 N.W.2d at 848.

██ The trial court did not elaborate on why it found insufficient facts demonstrating bad faith, apparently because it found redemption made the claim irrelevant. However, we find there is adequate evidence demonstrating genuine issues of material fact regarding Sprague's failure to act in good faith during the foreclosure proceedings. The foreclosure bid was almost $100,000 less than the loan amount, and 30–50% less than the appraised values. Further, contrary to Sprague's assurances, the appellants were never notified of Sprague's intent to bid lower than the remaining balance of the loan. The appellants consequently were prevented from bidding the full loan amount to prevent a deficiency. We thus remand for the appropriate hearing on the issue of Sprague's bad faith.

██ 2. Finally, the appellants claim the trial court abused its discretion in awarding Sprague $7,674 in attorney's fees. When the guaranty contract signed by the parties provides for the recovery of attorney's fees, the trial court may properly include attorney's fees as an item of damages. *Southwest Fidelity State Bank of Edina v. Apollo Corporate Travel, Inc.,* 360 N.W.2d 668, 671 (Minn.Ct.App.1985). In such cases the trial court will not be reversed unless it abused its discretion. *Id.* However, because there is a genuine issue of material fact as to Sprague's bad faith, the appellants were justified in disputing their liability as guarantors in the deficiency action. Although attorney's fees may be recoverable when there is a specific contract permitting such recovery, in the final analysis the question is whether the activities of the parties constituted a wrongful act justifying application of the rule. *Dworsky v. Vermes Credit Jewelry,* 244 Minn. 62, 70, 69 N.W.2d 118, 124 (1955). We find the trial court abused its discretion in awarding Sprague attorney's fees.

### DECISION

The trial court erred in granting respondent's motion for summary judgment. The trial court also abused its discretion in awarding respondent attorney's fees.

Reversed and remanded.