**STATE BANK OF COKATO, Respondent,**

v.

**James ZIEHWEIN, Appellant.**

**No. C3-93-1160.**

Court of Appeals of Minnesota.

Jan. 18, 1994.

Review Denied March 15, 1994.

Michel W. Nelson, Nelson & Paulson, Chtd., Cokato, for respondent.

John G. Westrick, Walsh & Westrick, St. Paul, for appellant.

Considered and decided by PETERSON, P.J., and KLAPHAKE and HARTEN, JJ.

## OPINION

KLAPHAKE, Judge.

James Ziehwein appeals from a judgment, arguing that respondent State Bank of Cokato is not entitled to recover attorney fees and costs from him under the terms of a loan agreement. We affirm.

## FACTS

In November 1988, appellant James Ziehwein (Ziehwein) financed the purchase of a new truck with a loan from respondent State Bank of Cokato (the bank). Consistent with the loan terms, Ziehwein insured the truck with Dairyland Insurance Company (Dairyland). Although Ziehwein made the November 1988 payment, he made no further payments on the loan. In February 1989, fire destroyed the truck. Ziehwein informed the bank about the fire and the bank directed him to continue making payments until Dairyland paid the claim. Despite this instruction, Ziehwein made no payments on the truck. Ziehwein attempted to recover the insurance proceeds but Dairyland refused to pay, claiming that Ziehwein intentionally destroyed the truck. When Ziehwein informed the bank about Dairyland's response to his claim, the bank, as co-loss payee on Ziehwein's policy, sued Dairyland (Dairyland action). The bank recovered the unpaid balance due on the loan, but did not recover its litigation fees and expenses.

Thereafter, the bank sued Ziehwein to recover attorney fees incurred in the Dairyland action. According to the agreement, Ziehwein was required to "pay any reasonable attorneys' fees, legal expenses, and costs of collection that result from my default." Following a trial, the trial court awarded the bank $5,900.41 for attorney fees and costs incurred in the Dairyland action, plus $1,425 for costs and attorney fees incurred in the present action. Ziehwein made no posttrial motions and appeals from the March 15, 1993, judgment.

## ISSUE

Did the attorney fees incurred in the Dairyland action arise out of Ziehwein's default?

## ANALYSIS

■ In an appeal from a judgment where no posttrial motions were made, the scope of appellate review is limited to whether the evidence supports the findings and whether the findings support the legal conclusions. *Gruenhagen v. Larson,* 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976). A trial court's legal conclusions on found facts are subject to de novo review. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

Ziehwein argues the attorney fees incurred in the Dairyland action did not arise from his default as a matter of law. Ziehwein characterizes the attorney fees as arising from Dairyland's refusal to pay the claim, which involves a separate contract and a separate obligation. We disagree.

■ Ordinarily, a party may not recover attorney fees unless a statute or contract provision expressly allows such recovery. *Barr/Nelson, Inc. v. Tonto's, Inc.,* 336 N.W.2d 46, 53 (Minn.1983). Where loan documents authorize a lender to recover legal expenses associated with collection, however, Minnesota courts will enforce the provision as long as the fees are reasonable. *O'Donnell v. McGee Trucks, Inc.,* 294 Minn. 110, 113, 199 N.W.2d 432, 434–35 (1972). Here, the loan agreement expressly allows the bank to recover from Ziehwein any reasonable attorney fees that result from his default.

■ The record supports the conclusion that the bank incurred the attorney fees as a result of Ziehwein's default. By the time of the fire, Ziehwein had defaulted on his monthly payments and he did not make any additional payments or otherwise attempt to cure his default despite instructions from the bank to do so. Under the loan agreement, Ziehwein's default entitled the bank to repossess the collateral and, because the truck was no longer available for repossession, it pursued the insurance proceeds. Instead of making monthly payments to the bank and pursuing the insurance claim himself, Ziehwein allowed the bank to litigate the coverage question. Because the insurance proceeds were the only security for the loan, the legal costs of the Dairyland action were logically a result of Ziehwein's default.

The case law supports this conclusion. For example, where a debtor sued a creditor to prevent collection and the creditor successfully counterclaimed for the amount due, the creditor was entitled to recover attorney fees incurred in both defending the debtor's claim and prosecuting the counterclaim as "costs of collection." *Duryea v. Third Northwestern Nat'l Bank of Minneapolis,* 606 F.2d 823, 826 (8th Cir.1979). Similarly, where a debtor brought a counterclaim which, if successful, would have reduced the amount due under the note, the creditor was entitled to fees related to its action on the note as well as fees for the counterclaim. *Potter v. American Bean & Grain Corp.,* 388 N.W.2d 22, 25 (Minn.App.1986), *pet. for rev. denied* (Minn. Aug. 13, 1986).

The fact that the bank recovered the insurance proceeds under a separate contract is irrelevant, as is Dairyland's refusal to pay the claim. By violating his contractual duty to the bank, Ziehwein forced the bank to pursue an alternate remedy. Because the bank collected on the loan by pursuing the insurance claim, the litigation of Dairyland's refusal to pay was a cost of collection.

Moreover, we disagree that *Palatine Nat'l Bank of Palatine, IL v. Olson,* 366 N.W.2d 726, 732 (Minn.App.1985) supports Ziehwein's claim. In *Palatine,* this court enforced the legal fees provisions in four separate notes, holding the individual debtors liable for the creditor's attorney fees and costs. *Id.* This court simply refused to allow separate debtors, who were liable on different notes, to be held joint and severally liable for the aggregate attorney fees incurred in collecting on all of the notes. *Id.*

The bank also asks this court to remand for an award of attorney fees and costs for this appeal. We do not believe a remand is appropriate. The bank may recover the reasonable attorney fees and costs of appeal upon the filing of a petition and supporting documentation with this court within 10 days of the filing of this opinion. *See Norwest Bank Midland v. Shinnick,* 402 N.W.2d 818, 826 (Minn.App.1987). Ziehwein shall then have five days after service of the petition to

file a response, if necessary. *See* Minn. R.Civ.App.P. 139.04.

## DECISION

The trial court properly concluded that Ziehwein is liable for the legal costs of the Dairyland action as costs of collection arising from his default.

**Affirmed.**