**ARGONAUT INSURANCE COMPANY, Judgment Creditor, Respondent,**

v.

**Thomas COOPER, Judgment Debtor, Appellant,**

**and**

**Cooper Construction Company, Garnishee.**

**No. C1–86–733.**

Court of Appeals of Minnesota.

Oct. 28, 1986.

Douglas G. Peine, Minneapolis, for respondent.

Lonnie J. Olson, Minneapolis, for appellant.

Heard, considered, and decided by HUSPENI, P.J. and PARKER and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Thomas E. Cooper appeals the trial court's judgment setting aside a contract for deed which purported to transfer property from Cooper Construction Company, his closely held corporation, to him and his daughter. The court found the contract for deed to be a fraudulent conveyance. We affirm.

## FACTS

Argonaut Insurance Company, respondent, obtained a judgment against appellant, Thomas Cooper, an individual, for $217,758.63 on May 14, 1975. The judgment has been renewed and is largely unsatisfied. On August 6, 1984, respondent obtained a judgment for $190,987.97 against Cooper Construction Company, a closely held corporation of which appellant was president and owner. That judgment is also unsatisfied.

Respondent discovered that Cooper Construction was the fee owner of torrens property located at 8309 Terrace Road N.E., Anoka. In an effort to collect on its outstanding judgment against Cooper Construction, in 1984, respondent directed the Anoka County sheriff to levy and execute against the Anoka property, which was a homestead. The sheriff refused to sell the property because it was listed on the tax roll as appellant's homestead property. Respondent obtained a writ of mandamus ordering the sheriff to sell the property.

The day before the sale was to take place, appellant moved the court to enjoin the sale. He produced an unrecorded contract for deed which purported to convey the property from Cooper Construction to himself and his daughter. The contract was signed by a person claiming to be a notary, but the document contains no notary seal and is marked in hand printed letters "my commission expires 10–6–1980." The payment terms of the contract provide:

$100.00 down.

Balance of $44,000 to be paid as follows:

Interest at 8% per month plus $1.00 on principal. Total unpaid balance due January 1, 2000. Contract is not assumable without total payoff.

Across the face of the contract appellant had written, "Paid in full 10–29–82."

The court denied appellant's motion for an injunction but reserved resolution of the title for later determination. Respondent purchased the property at the sheriff's sale for $17,500. Appellant remained in possession during the redemption period. Respondent brought on a motion to resolve ownership of the property. The trial court dismissed the motion and required respondent to commence a declaratory judgment action. The court granted respondent's motion for a temporary restraining order, prohibiting appellant's conveyance or waste of the property. That temporary restraining order was followed by an injunction against appellant.

At the declaratory judgment hearing, appellant argued that he held equitable title to the property based both on the unrecorded contract for deed and on his claim that he had paid off the contract for deed. He did not produce a warranty deed for the property, although he claimed his attorney had one. He offered no proof, other than unaudited financial statements of Cooper Construction, that he had paid off the contract for deed. The unaudited financial statements showed no entry for the subject property. Appellant claimed that if Cooper Construction had owned the property, the property would have been listed as an asset in the company's financial statement. Respondent however, was able to show that on the date of the financial statement, Cooper Construction owned other real property which was not listed on the statement. Ap-

pellant testified that he paid off the contract for deed with proceeds from the sale of his prior residence. However, he could not produce documents of this sale, did not know the address of this claimed former home, and did not know the name of the purchaser.

When questioned about his knowledge of the real estate business, appellant testified that he was a realtor and had bought and sold 15,000 pieces of property. Yet he testified that he was unaware of the need to record his contract for deed or the need to obtain a warranty deed following payoff of the contract for deed.

Appellant testified that he lost the original contract for deed and that the other documents evidencing the sale were damaged by water. He also testified that he destroyed these documents when an Internal Revenue Service agent advised appellant that he could avoid an audit by destroying his records after three years.

Respondent introduced evidence of prior fraud judgments it had obtained against appellant where appellant had tried similar tactics to avoid respondent's attempts to collect on the judgments. The trial court concluded that the contract for deed was a fraudulent conveyance, that appellant had neither a legal nor an equitable interest in the property, and that respondent was the legal owner of the property pursuant to the sheriff's sale.

## ISSUE

Is the evidence sufficient to sustain the trial court's finding that the contract for deed conveying the subject property from Cooper Construction to appellant was a fraudulent conveyance?

## ANALYSIS

■ Appellant did not move for a new trial or for amended findings. Our scope of review is limited to whether the evidence is sufficient to sustain the findings of fact and whether the findings sustain the conclusions of law. *Johnsrud v. Tri State Sales, Inc.,* 353 N.W.2d 255 (Minn.Ct.App.

1984). Findings of fact shall not be set aside unless clearly erroneous. Minn.R. Civ.P. 52.01. Clearly erroneous means "manifestly contrary to the weight of the evidence or not reasonable supported by the evidence as a whole." *Northern States Power v. Lyon Food Products,* 304 Minn. 196, 201, 229 N.W.2d 521, 524 (1975). Findings of fact

> are clearly erroneous only if the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed.

*Id.*

Appellant argues that the evidence does not support the court's conclusion that the contract for deed was a fraudulent conveyance. He claims the evidence proves that he is the equitable owner of the property.

■ The trial court relied on Minn.Stat. § 513.26 (1984) of the Fraudulent Conveyancing Act, which states:

> Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors.

The court found that respondent bore the initial burden of proving fraud, but that once respondent demonstrated sufficient "badges" of fraud, the burden shifted to appellant. We agree.

> The aggrieved creditor ordinarily bears the burden of proving a conveyance is fraudulent, but the relationship between the parties to a transaction may shift this burden to varying degrees * * *. Transactions involving corporations and their executives or corporations under common control of the same officers and directors are to be regarded with skepticism by the courts and closely scrutinized * * *. As in all cases of claimed self-dealing or conflict of interest against corporate officers and directors, such transactions are presumptively fraudulent and to overcome this presumption the executive must show by clear proof he acted with impartiality and fairness to the corporation.

*Snyder Electric Company v. Fleming,* 305 N.W.2d 863, 867 (Minn.1981). A "badge" of fraud tends to throw suspicion on the questioned transaction. *Estate of Reed v. Butcher,* 566 P.2d 587, 589 (Wyo.1977). Here the trial court considered six indicia of fraud: a conveyance in anticipation of a lawsuit, inadequacy of consideration, confidential relationship between grantor and grantee, hurried transaction not in the usual mode of business or unusual methods of transacting business, retention of possession of the property by the debtor, failure to testify or produce available explanatory or rebutting evidence when circumstances attending the transfer are suspicious.

Numerous indicia noted by the trial court support its shifting the burden of production from the respondent to appellant. Appellant's corporations, as well as appellant individually, were being assailed with garnishment papers and the company was closely tied to collection proceedings against appellant. Appellant failed to produce any evidence of payment to corroborate his oral testimony and his handwritten notation that the contract for deed had been paid off. A confidential relationship exists between Cooper Construction, the grantor, and appellant, one of the grantees: appellant, as Cooper's president, sold the property to himself as an individual and to his daughter, who did not sign the contract. In this factual setting, such a transaction must be closely scrutinized.

The contract for deed itself contains irregularities that can be construed as "badges of fraud." While the contract names appellant's daughter as a grantee, it bears only appellant's signature. The document purports to be notarized, but lacks the legally required seal. Minn.Stat. § 359.03 (1984). The appellant's handwritten notation, "paid in full, 10–29–82" appears on the contract, however appellant testified that the contract was not paid on that date, but at an earlier time. The very favorable contract terms provided for low monthly payments and a balloon payoff in the year 2000.

Additional indicia of fraud were proved at trial. Appellant failed to record the contract for deed and testified he did not know the contract had to be recorded. This statement is not credible, considering appellant's experience as a realtor. Appellant could produce neither a signed quit claim deed nor a signed warranty deed from the seller, yet appellant testified that he is knowledgeable in real estate matters and has been involved in over 15,000 real estate transactions. Appellant claimed that other corroborating documents were either lost or destroyed. Respondent pointed out that some of those documents could have been duplicated from other sources available to appellant, but that appellant failed to provide duplicates. The trial court found that, over all, appellant's testimony lacked credibility. We agree.

We hold that the facts give rise to a rebuttable presumption of fraud and are legally sufficient to shift the burden of production to appellant. We affirm the trial court's holding that appellant has failed to produce any evidence to explain the suspicious circumstances or rebut the presumption. Appellant offered no evidence other than his own oral testimony, which the trial court found not credible. Appellant had the apparent ability to produce evidence to corroborate his testimony, but failed to do so.

Minn.Stat. § 513.28 (1984) empowers a trial court to set aside a conveyance found to be fraudulent under the Act. We hold that the record supports the trial court's setting aside the contract for deed as a fraudulent conveyance.

### DECISION

The trial court properly set aside the contract for deed as a fraudulent conveyance.

Affirmed.