Evelyn **CHRISTLE**, Personal Representative of the Estate of James L. Christle, Respondent,

v.

Donald C. **MARBERG**, Respondent,

**Revest Properties, Inc.**, Defendant,

Mildred **Thiede–Hutton**, Appellant.

No. C8–87–1548.

Court of Appeals of Minnesota.

April 12, 1988.

Denis E. Hynes, Marrin, Hynes & Wegner, St. Cloud, for Christle, respondent.

Samuel Calvert, St. Cloud, for Marberg, respondent.

Samuel C. Tripp, Wyant & Morgeson, P.A., Edina, for appellant.

Considered and decided by FOLEY, P.J., and NORTON and MULALLY, JJ.

## OPINION

EDWARD D. MULALLY,* Judge.

Appellant contests the trial court's foreclosure of a mechanics' lien on her property. Because the property was wholly residential in nature, pre-lien notice was required under Minn.Stat. § 514.011, subd. 4c. Since no pre-lien notice was given, we reverse.

## FACTS

This action entails the establishment and attachment of a mechanics' lien on property of appellant Mildred Thiede–Hutton to reimburse respondent James Christle for improvements to the property.

In 1980, a purchase agreement was signed involving the conveyance of approximately five acres near St. Cloud. This property was owned by appellant and was to be conveyed to Revest Properties, Inc., a development corporation owned and operated by respondent Donald Marberg. The purchase agreement provided for closing when a plat for the property was approved, with an outside expiration date of 1981. This transaction was never closed.

This property, known as Cooper Hills II, was unimproved. With development of nearby property proceeding, Marberg told appellant, during the summer of 1983, that he wanted to get the roads in and platting completed for this parcel. From September 12 through the end of October the road work was completed by Christle. This work included placing fill in lots on the property and providing drainage. Christle completed this work at the request of Marberg.

The plat of the property was signed on October 17, 1983. On the same date a protective covenant was executed. After the work was completed, the township en-

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

gineer inspected the area and required some additional work to be done the following spring.

On December 5, 1983, a development agreement was signed between the town of St. Cloud and Revest Properties, Inc. This agreement specified additional work to be completed on Cooper Hills II.

The plat, filed for record on December 28, 1983, included the protective covenant and development agreements. The following spring Christle's employees, at the direction of Marberg, completed the additional work. This occurred between July 6 and 9, 1984. On July 10 a bill for $19,591.39 was presented.

Christle filed a mechanics' lien statement on July 27, 1984, within 120 days of the July 1984 improvements but outside 120 days of the September–October 1983 improvements. Subsequently, this suit was brought. The trial court found the property to be "partially nonresidential, nonagricultural, use—a commercial subdivision containing a street, common drainage property and ten buildable home sites on approximately five acres."

At the close of trial, the trial court ruled in favor of Christle, ordering judgment against appellant for $19,591.39 plus interest, plus reasonable attorney fees in the amount of $8,837.80. Appellant failed to move for a new trial. Appellant took this appeal from the judgment.

### ISSUES

1. Does the record support the trial court's findings that the improved property was not wholly residential in nature?

2. Does the record support the trial court's findings that appellant was unjustly enriched?

3. Does the record support the trial court's award of attorney fees?

### ANALYSIS

1. At the close of trial, appellant failed to move for amended findings or for a new trial. In these circumstances, the court's consideration is limited to whether the evidence sustains the trial court's findings of fact and whether the findings support its conclusions of law. *See Sauter v. Wasemiller,* 389 N.W.2d 200, 202 (Minn.1986); *Argonaut Insurance Co. v. Cooper,* 395 N.W.2d 119, 121 (Minn.Ct.App.1986).

When improvements are made to real property, Minn.Stat. § 514.011 (1982) requires that pre-lien notice be given by the workers to the owner of the property. An exception to this notice requirement is contained in Minn.Stat. § 514.011, subd. 4c. This subdivision provides in pertinent part:

> **Exceptions; nonagricultural and nonresidential real estate.** The notice required by this section shall not be required to be given in connection with an improvement to real property which is not in agricultural use and which is *wholly or partially nonresidential* in use if the work or improvement:
>
> \* \* \* \* \* \*
>
> (c) is an improvement to real property which contains more than 5000 square feet and does not involve the construction of a new building or an addition to or the improvement of an existing building.

(Emphasis added). Christle did not give this notice.

Although the mechanics' lien statutes (Minn.Stat. § 514.01–514.17) have been liberally construed to effectuate the purpose of protecting the rights of workers, Minn.Stat. § 514.011 is strictly construed to address the unfairness arising from the foreclosure of mechanics' liens on property of unsuspecting owners. *Dolder v. Griffin,* 323 N.W.2d 773, 780 (Minn.1982) (quoting *Polivka Logan Designers, Inc. v. Ende,* 312 Minn. 171, 176, 251 N.W.2d 851, 854 (1977)). Minn.Stat. § 514.011 was designed to protect owners unfamiliar with the lien statutes from unwittingly subjecting themselves to lien claims from industry professionals who may have superior knowledge of their remedies. *See Korsunsky Krank Erickson Architects v. Walsh,* 370 N.W.2d 29, 33 n. 2 (Minn.1985). Pursuant to this policy, the exceptions to pre-lien notice of subdivision 4c eliminate the requirement of pre-lien notice for certain

property, *i.e.* nonagricultural or partially nonresidential property. Thus the validity of Christle's lien turns on whether the development was wholly or partially nonresidential.

■ The trial court found that the property in question constituted "a partially nonresidential nonagricultural use—a commercial subdivision containing a street, common drainage property and 10 buildable home sites on approximately five acres."

However, the June 17, 1983 plat application describes the property as a "residential development." The 1980 purchase agreement describes the property as residential. The October 17, 1983 protective covenant and the December 3 development agreement are indeterminate, but a map attached to the protective covenant indicates that the property is for residential development.

Christle argues that although the subdivision contains residential lots, it also has dedicated streets and drainage areas which are clearly non-residential. We are unpersuaded. These street and drainage areas are merely incidental to the residential development. They do not constitute a nonresidential use.

Christle also argues that the legislature intended the pre-lien notice to protect farmers and individual homeowners, and provided an exemption from this notice for commercial developers. Christle argues that appellant and Marberg were commercial developers of residential properties, and thus the pre-lien notice requirement should not apply.

The legislature designed the pre-lien notice requirement to protect individual homeowners and farmers. *Korsunsky*, 370 N.W.2d at 33 n. 2. Read literally, this statute may in some circumstances protect large residential projects such as multi-story apartments or condominiums. In certain cases the excavation, site preparation, etc. for large residential towers could require that pre-lien notice be given to the owner of the property, thus protecting large residential developers. Although this seems at odds with the aforementioned in-

tent, we decline to act contrary to the statute's plain language.

■ 2. Appellant disputes the trial court's finding that appellant was unjustly enriched. Unjust enrichment claims do not lie simply because one party benefits from the efforts or obligations of others, but instead lies where one party was unjustly enriched in the sense that the term "unjustly" could mean illegally or unlawfully. *First National Bank of St. Paul v. Ramier*, 311 N.W.2d 502, 504 (Minn.1981). As the record does not indicate any illegal or unlawful action, the trial court's finding was incorrect.

3. Appellant also claims the trial court's award of attorney fees was unjustified. Minn.Stat. § 514.10 (1984) authorizes an award of attorney fees and costs against the losing party. *See Obraske v. Woody*, 294 Minn. 105, 109, 199 N.W.2d 429, 432 (1972). However, since we reverse the trial court on the pre-lien and unjust enrichment issues, no attorney fees are justified.

### DECISION

The decision of the trial court is reversed. Pre-lien notice was required under Minn.Stat. § 514.011. Since none was given, the mechanics' lien fails. Further, the finding of unjust enrichment is unsupported by the evidence. The award of attorney fees is also unjustified, since Christle is no longer the prevailing party.

Reversed.