James W. EMISON, Respondent,

v.

J. PAUL STERNS COMPANY,
et al., Defendants,

Sheridan Sheet Metal, Inc.,
et al., Appellants.

LAUGHLIN ELECTRIC CO., third
party plaintiff, Appellant,

v.

Jane EMISON, third party defendant,
Respondent.

ASPHALT SPECIALTIES COMPANY,
et al., Appellants,

Bollig & Sons, Inc., et al., Plaintiffs,

v.

James W. EMISON, Respondent,

J. Paul Sterns & Co., et al., Defendants,

Laughlin Electric Co., Appellant.

No. CO-92-294.

Court of Appeals of Minnesota.

Aug. 18, 1992.

James B. Sheehy, Minneapolis, for respondents.

Jack D. Elmquist, Minneapolis, for appellants.

Considered and decided by PETERSON, P.J., and HUSPENI, and FORSBERG, JJ.

## OPINION

PETERSON, Judge.

Appellants challenge the trial court's order granting respondent James W. Emison's summary judgment motion, declaring appellants' mechanics' liens invalid, and dismissing appellant Laughlin Electric's counterclaim against Emison and its third party action against Jane Emison. We affirm.

## FACTS

James Emison contracted to have remodeling and renovation work done on his residence. One of the rooms to be remodeled was designated as an office and is the subject of this dispute. The office, which is only accessible from inside the house, is adjacent to the kitchen and across the hall from the laundry room. Bruce Knutson, the project's architect, stated in an affidavit that the office has no special locks, lighting, security, carpeting or other features that would be typical in commercial offices. He opined that the office is a typical residential work space.

Jane Emison is the sole proprietor of an interior design consulting business. Jane uses the home office up to one or two hours per week to make telephone calls and do paperwork for business purposes. She also stores business forms and catalogs in the home office. The business has no other office.

In 1990 Jane's business had eight clients. Jane does not advertise her business, have a telephone listing under the business name, or use business cards, custom stationery, or business forms. Many of Jane's business activities are conducted outside the home office. She travels to clients' homes to consult with them about projects. Clients do not come to the Emison residence. Jane also goes to showrooms or to suppliers' stores to select merchandise for her clients. The merchandise is then shipped either directly to the client or to a warehouse. It is not shipped to the Emison residence.

Jane's business has no full-time employees. Jo Nalls works for the Emisons as an independent contractor on a part-time basis. She does the bookkeeping for the business and also performs personal services for the Emisons. Nalls uses the home office for some of her work and does some of the work at her own home.

Both Emisons use the home office for personal activities and to store personal belongings. When he brings work home, James, who owns a petroleum products distributorship, uses the home office for his business work.

The Emisons did not receive a prelien notice from appellants.

## ISSUE

Did the trial court err by concluding that appellants' mechanics' liens were invalid because prelien notice was not given?

## ANALYSIS

Summary judgment is appropriate when "there is no genuine issue as to any material fact and * * * either party is entitled to judgment as a matter of law." Minn. R.Civ.P. 56.03. On appeal this court's only function is "to determine (1) whether there are any genuine issues of material fact and (2) whether the trial court erred in its application of the law." *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). Because the material facts are undisputed, the only issue before this court is whether the trial court correctly applied the law.

Generally, a lien claimant must give prelien notice to a homeowner before a court will enforce the lien. *See* Minn.Stat. § 514.011, subd. 2(a) (1990). Minn.Stat. § 514.011, subd. 4c, however, sets forth an exception to the rule:

The notice required by this section shall not be required to be given in connection with an improvement to real property which is not in agricultural use and

which is wholly or partially nonresidential in use if the work or improvement:

\*   \*   \*   \*   \*   \*

(b) is an improvement to real property where the existing property contains more than 5,000 total usable square feet of floor space.

The parties do not dispute that the Emison residence exceeds 5,000 square feet.

■ Appellants contend prelien notice was not required because Jane's use of the home office in connection with her business made the Emison residence partially nonresidential in use. Because the statute does not define "partially nonresidential in use," this court must look to the purpose of the prelien notice requirement to determine what the legislature meant by the phrase. *See* Minn.Stat. § 645.16 (1990). The prelien notice requirement was added to the mechanics' lien laws to protect unwary homeowners from having to pay twice for a single improvement when a contractor failed to pay its subcontractors. Warren Spannaus, *Mechanics Lien Law Reform,* 41 Hennepin Lawyer 10, 10 (May–June 1973). The requirement is intended to protect homeowners "unfamiliar with the lien statutes from unwittingly subjecting themselves to lien claims from industry professionals who may have superior knowledge of their remedies." *Christle v. Marberg,* 421 N.W.2d 748, 750 (Minn.App.1988) (citing *Korsunsky Krank Erickson Architects, Inc. v. Walsh,* 370 N.W.2d 29, 33 n. 2 (Minn.1985)). Minn.Stat. § 514.011 is strictly construed in order to effect the purpose underlying the prelien notice requirement. *Dolder v. Griffin,* 323 N.W.2d 773, 780 (Minn.1982).

■ A homeowner does not lose the protection afforded by the prelien notice requirement simply by performing job or business related tasks at home. Performing job or business related tasks in a home office does not establish a partially nonresidential use of property if the tasks are merely incidental to the residential use of the home. *See C. Kowalski, Inc. v. Davis,* 472 N.W.2d 872, 876–77 (Minn.App.1991), *pet. for rev. denied* (Minn. Sept. 13, 1991). Because the use of home offices for job or

business related activities is so common, some level of this activity must be considered a residential use of property. We, therefore, hold that for the exception from the prelien notice requirement to apply, the predominant use of an identifiable portion of the property must be nonresidential.

■ Although Jane used the home office to perform activities associated with running her business, the use of the home office was primarily residential. Jane spent only one to two hours per week using the home office for business related tasks. Her business related use of the home office generated no commercial activity at the Emison residence. Both James and Jane used the home office for personal activities. We conclude that as a matter of law Jane's use of the home office for business related tasks did not make the Emison residence partially nonresidential in use under Minn. Stat. § 514.011, subd. 4c.

■ Appellants argue the Emisons should not be entitled to prelien notice because the law presumes a level of sophistication in owners of homes larger than 5,000 square feet and the Emisons are in fact sophisticated business persons. We disagree. Minn.Stat. § 514.011, subd. 4c(b) explicitly requires two conditions to be met before the exception to the prelien notice requirement will apply. The property must be partially nonresidential in use and must also exceed 5,000 square feet. If the courts began evaluating the relative sophistication of owners, it could eliminate the protection of the prelien notice requirement the legislature has granted to homeowners. *See Dolder,* 323 N.W.2d at 780.

Because of our disposition of this case, we do not reach the issue of whether Jane Emison is a proper third party defendant.

## DECISION

The trial court properly concluded prelien notice was required. Because none was given, appellants' liens are invalid. The trial court properly granted summary judgment for James Emison and properly dismissed appellant Laughlin Electric's coun-

terclaim against James Emison and third party action against Jane Emison.

Affirmed.