**BENDISKE CONCRETE & MASONRY, INC., Appellant,**

v.

**BARTHEL CONSTRUCTION, INC., et al., Defendants,**

**Local Oil Co. of Anoka, Inc., First National Bank in Anoka, Volby & Kibby Painting, Inc., Respondents,**

**Northland Acoustics, Inc., et al., Appellants,**

**Central Roofing Company, Irrigation Engineering, Inc., Respondents.**

No. C4–93–2060.

Court of Appeals of Minnesota.

April 19, 1994.

Randall J. Fuller, James M. Neilson, Babcock, Locher, Neilson & Mannella, Anoka, for appellant.

Douglas J. Dehn, Thomas M. Fitzpatrick, Randall, Dehn & Goodrich, Anoka, for Local Oil Co. of Anoka, Inc.

Darrell A. Jensen, Barna, Guzy & Steffen, Coon Rapids, for First Nat. Bank in Anoka.

Michael P. Broback, Eagan, for Volby & Kirby Painting, Inc.

Timothy B. Poirier, Lowry Hill Law Offices, Minneapolis, for Cent. Roofing Co.

Lawrence P. Marofsky, Brooklyn Center, for Irrigation Engineering, Inc.

Considered and decided by LANSING, P.J., and SCHUMACHER and STONE,* JJ.

## OPINION

SCHUMACHER, Judge.

In this mechanics' lien case, appellants Bendiske Concrete & Masonry, Inc. (Bendiske), Northland Acoustics, Inc. (Northland), Five Star Welding & Fabricating, Inc. (Five Star), and American Eagle Electric, Inc. (American Eagle) challenge the district court judgment, arguing they did not have to give prelien notice based on the fact that the nonresidential property had over 5,000 square feet of usable floor space. We affirm.

## FACTS

On May 14, 1990, respondent Local Oil Co. of Anoka, Inc. (Local Oil) hired Barthel Construction, Inc. (Barthel) to construct a new SuperAmerica gas station and convenience store in Anoka. According to the plans, the building was to be 3,680 square feet. Local Oil also hired Rollie's Sales and Service, Inc. to construct a 4,992 square foot canopy area, which included gas pumps, underground storage tanks, piping, and electrical connections and controls.

Barthel hired Bendiske, Northland, Five Star, American Eagle and other subcontractors to provide labor and materials for the building. Barthel received complete payment for all labor and materials but failed to fully pay Bendiske, Northland, Five Star, and American Eagle, and other subcontractors. Barthel subsequently filed bankruptcy and defaulted in this proceeding.

Bendiske, Northland, Five Star, and American Eagle filed mechanics' liens against the property but stipulated to the fact that they never filed prelien notice with Local Oil. The district court found that they did not satisfy the exception to the prelien notice requirement as set forth in Minn.Stat.

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap- pointment pursuant to Minn. Const. art. VI, § 10.

§ 514.011, subd. 4c(a) (1992). Their posttrial motion for amended findings and conclusions was denied.

## ISSUE

Does area under an outdoor canopy constitute "usable square feet of floor space" pursuant to Minn.Stat. § 514.011, subd. 4c(a)?

## ANALYSIS

 Statutory construction is a question of law subject to de novo review by this court. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.,* 369 N.W.2d 527, 529 (Minn.1985). Minn.Stat. § 514.011, subd. 4c provides that prelien notice is not required

> in connection with an improvement to real property which is not in agricultural use and which is wholly or partially nonresidential in use if the work or improvement: (a) is to provide or add more than 5,000 total usable square feet of floor space.

The purpose of prelien notice is to remedy the unfairness of foreclosing on unsuspecting owners and therefore the notice requirements are strictly construed. *Dolder v. Griffin,* 323 N.W.2d 773, 780 (Minn.1982). The question presented on appeal is whether the area located under an exterior canopy is usable floor space.

Only one case has interpreted this section of the statutes, *C. Kowalski, Inc. v. Davis,* 472 N.W.2d 872 (Minn.App.1991), *pet. for rev. denied* (Minn. Sept. 13, 1991). In that case, the lien claimant argued that "usable floor space" meant livable floor space. This court rejected the interpretation and relied on Wisconsin precedent to arrive at the rule that total usable square feet of floor space is calculated by measuring "the area within the inner surface of the exterior walls." *Id.* at 875–76 (citing *Sullivan Bros. v. State Bank of Union Grove,* 107 Wis.2d 641, 321 N.W.2d 545, 549 (Ct.App.1982)).

Here, we conclude, as the *Sullivan* court did, that the area under an exterior canopy does not fall within the terms of the exception. *Sullivan,* 321 N.W.2d at 548 n. 3. Such an exterior structure does not have walls in which to measure floor space. Moreover, contractors will be able to readily de-

termine whether notice must be given by following this simple formula. *See Kowalski,* 472 N.W.2d at 876.

## DECISION

The district court properly concluded that Bendiske, Northland, Five Star, and American Eagle were required to give prelien notice because the area under the canopy did not constitute "total usable floor space" as required by Minn.Stat. § 514.011, subd. 4c(a).

**Affirmed.**