**WALLBOARD, INC., Appellant,**

v.

**ST. CLOUD MALL, LLC, a Delaware limited liability company, et al., Respondents,**

Foss Drywall, Inc., et al., Defendants.

No. A08–0319.

Court of Appeals of Minnesota.

Dec. 16, 2008.

Ryan J. Trucke, Matthew R. Doherty, Brutlag, Hartmann & Trucke, Minneapolis, MN, for appellant.

Ryan J. Hatton, Gerald W. Von Korff, Rinke–Noonan, St. Cloud, MN, for respondents.

Considered and decided by Chief Judge TOUSSAINT, Presiding Judge; HALBROOKS, Judge; and COLLINS, Judge.

## OPINION

COLLINS, Judge.*

Appellant challenges the district court's grant of summary judgment to respondents, arguing that, as a matter of law, the prelien-notice exception found in Minn. Stat. § 514.011, subd. 4c (2006), applies to a tenant who leases less than 5,000 usable square feet of space to which improvements are made, if the landlord's property exceeds 5,000 total usable square feet. We affirm.

## FACTS

In April 2005, respondent Bath & Body Works, LLC (Bath & Body) leased approximately 4,375 square feet of floor space in Crossroads Center, which is owned by respondent St. Cloud Mall, LLC (collectively respondents). Bath & Body hired a general contractor to complete a build-out of its leased space. The general contractor subcontracted with Foss Drywall, Inc. (Foss) to install the drywall. Foss, in turn, engaged appellant Wallboard, Inc. to supply the drywall materials for the project for a price of $22,846.41. Wallboard delivered the materials between August 11 and September 18, 2005.

Bath & Body paid in full the general contractor and obtained an executed lien waiver of the total build-out contract price, including the payments for subcontractors and material suppliers. Foss was paid in full and executed a full lien waiver but never paid Wallboard.

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

On January 3, 2006, Wallboard served a copy of its verified mechanic's lien on St. Cloud Mall. Three days later, Wallboard recorded the lien. In September 2006, Wallboard sued St. Cloud Mall, Foss,[1] and Bath & Body for enforcement of the mechanic's lien. On cross-motions for summary judgment, Wallboard argued that because Crossroads Center exceeds 5,000 usable square feet of floor space, no prelien notice was required; therefore, Wallboard's mechanic's lien is valid. Conversely, respondents argued that because the floor space leased by Bath & Body, for which the improvement was made, was less than 5,000 square feet, prelien notice is required, and that absent prelien notice, Wallboard's mechanic's lien is void. After determining that the prelien-notice exception set forth in Minn.Stat. § 514.011, subd. 4c (2006), does not apply to a tenant when the leased space to which the improvement was made is less than 5,000 square feet, the district court denied Wallboard's motion and granted summary judgment to respondents. This appeal followed.

## ISSUE

Does the prelien-notice exception set forth in Minn.Stat. § 514.011, subd. 4c (2006), apply to a tenant who improves leased premises of less than 5,000 usable square feet if the landlord's entire property exceeds 5,000 square feet?

## ANALYSIS

On an appeal from summary judgment, we ask whether (1) there are any genuine issues of material fact and (2) the district court erred in its application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). In doing so, we view the evidence in the light most favorable to the party against whom summary judgment was granted. *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993). When the district court grants summary judgment based on the application of a statute to undisputed facts, the result is a legal conclusion, which we review de novo. *Lefto v. Hoggsbreath Enters., Inc.,* 581 N.W.2d 855, 856 (Minn.1998).

■ When interpreting a statute, we must "ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2006). The legislature's intent may be ascertained by considering, among other things, the need for the law, the circumstances under which it was enacted, the consequences of an interpretation, contemporaneous legislative history, other statutes concerning the same subject matter, and the object to be attained. *Id.; Minn. Life & Health Ins. Guar. Ass'n v. Dep't of Commerce,* 400 N.W.2d 769, 774 (Minn.App.1987).

■ However, if the statute's language is unambiguous, we apply its plain meaning. Minn.Stat. § 645.16; *Molloy v. Meier,* 679 N.W.2d 711, 723 (Minn.2004). We apply other canons of construction to discern the legislature's intent only if a statute is ambiguous. *See* Minn.Stat. §§ 645.08, .16, .17 (2006); *Gomon v. Northland Family Physicians, Ltd.,* 645 N.W.2d 413, 416 (Minn.2002). Under the basic canons of construction, no word or phrase should be deemed superfluous, void, or insignificant. Minn.Stat. § 645.16 (2006); *Owens v. Federated Mut. Implement & Hardware Ins. Co.,* 328 N.W.2d 162, 164 (Minn.1983). Moreover, each clause is to be read in context with other clauses of the same statute so as to determine the meaning of a particular provision. *ILHC of Eagan, LLC v. County of Dakota,*

---

1. Foss filed for bankruptcy and was dismissed from this lawsuit without prejudice. Wallboard recovered $1,525.47 from Foss's bankruptcy estate.

693 N.W.2d 412, 419 (Minn.2005); *see also In re Appeal of Staley,* 730 N.W.2d 289, 297 (Minn.App.2007) ("[I]t is a cardinal rule of statutory interpretation that we read each statutory provision in reference to the whole statute.").

A mechanic's lien provides a security interest in the improved real estate to a lien claimant. Minn.Stat. § 514.01 (2006). Absent the attachment of a mechanic's lien, unpaid contractors may not be able to collect debts owed to them. Generally, prelien notice is required for a mechanic's lien to be enforceable. Minn.Stat. § 514.011, subd. 2 (2006), states:

> Every person who contributes to the improvement of real property so as to be entitled to a lien pursuant to section 514.01, except a party under direct contract with the owner must, as a necessary prerequisite to the validity of any claim or lien, cause to be given to the owner or the owner's authorized agent, either by personal delivery or by certified mail, not later than 45 days after the lien claimant has first furnished labor, skill or materials for the improvement, a written notice....

But the notice requirement does not apply to "an improvement to real property which is not in agricultural use and which is wholly or partially nonresidential in use if the work or improvement ... is an improvement to real property where the *existing property* contains more than 5,000 total usable square feet of floor space...." Minn.Stat. § 514.011, subd. 4c(b) (2006) (emphasis added). For purposes of the prelien-notice requirement, " 'owner' means the owner of any legal or equitable interest in real property whose interest in the property (1) is known to one who contributes to the improvement ... or (2) has been recorded or filed for record ... and who enters into a contract for the improvement of the real property." Minn. Stat. § 514.011, subd. 5 (2006).

■ Here, the parties agree that unless the prelien-notice exception found in section 514.011, subdivision 4c(b), applies, Wallboard's mechanic's lien is void. They also agree that, when determining the applicability of the exception, the statute is ambiguous as to whether the square footage of the landlord's entire property should be considered or only the square footage leased by the tenant. Because the statute does not address this issue directly, and we have found no precedent on point, this is an issue of first impression.

Wallboard contends that the landlord's entire property should be considered when determining whether prelien notice must be given, arguing that (1) we should be guided by analogous caselaw in interpreting this ambiguous statute; (2) the equities favor Wallboard; (3) contrary to the district court's findings, ownership is irrelevant to determine whether prelien notice is required; and (4) because a lien claimant can record a lien only against the entirety of the property, the lien claimant must consider the entire property for the purpose of calculating the total usable square feet.

Wallboard relies on two sets of cases. First, Wallboard cites cases that address the issue of when or whether a landlord who owns a single building that is leased to a single tenant has notice of the improvements made by the tenant so as to permit the attachment of a lien to the landlord's property interest. *See, e.g., Master Asphalt Co. v. Voss Constr. Co., of Minneapolis,* 535 N.W.2d 349, 352 (Minn. 1995) (holding that no mechanic's lien can attach when landlord, renting his entire property to tenant, has no actual knowledge of improvements made to property); *Nasseff v. Schoenecker,* 312 Minn. 485, 492, 253 N.W.2d 374, 378 (1977) (holding that

mechanic's lien can attach to landlord's interest when landlord has knowledge of tenant-initiated improvements, landlord did not object, and contractor did not contract with subcontractors).

Unlike those cases, here the landlord is renting space to multiple tenants, and neither party disputes that the landlord had actual knowledge of the improvements being made to the Bath & Body store. Moreover, there is not a direct link between a contractor's ability to attach a mechanic's lien to a landlord's property interest and interpreting the statute to permit the consideration of the landlord's entire property to avoid prelien-notice requirements. While caselaw can inform courts in interpreting ambiguous statutes, given these differences, we are not persuaded that the cited cases aid our resolution of the ambiguities presented here.

■■■ Second, Wallboard points to cases standing for the proposition that mechanic's lien statutes are construed broadly. While true, taking this single statement in isolation distorts the law. Minnesota courts have held repeatedly that mechanic's lien statutes are to be "liberally construed to effectuate their purpose of protecting the rights of workmen and materialmen who furnish labor and material for the improvement of real estate." *Dolder v. Griffin*, 323 N.W.2d 773, 779–80 (Minn.1982). However, because mechanics' liens are statutory in nature and are intended to "protect unwary homeowners from having to pay twice for a single improvement," the prelien-notice requirement of the statute must be strictly construed. *Emison v. J. Paul Sterns Co.*, 488 N.W.2d 336, 338 (Minn.App.1992); *see also Merle's Constr. Co. v. Berg*, 442 N.W.2d 300, 302 (Minn.1989) ("The prelien notice is no mere technicality. Failure to give the notice defeats the mechanic's lien. There must be strict compliance with the

prelien notice statutory requirements." (citation omitted)); *Polivka Logan Designers, Inc. v. Ende*, 312 Minn. 171, 173, 251 N.W.2d 851, 852 (1977) (stating that the purpose of the statute was to "alert a property owner to the risk of double liability" and that the prelien notice is a "necessary prerequisite"); *Bendiske Concrete & Masonry, Inc. v. Barthel Constr., Inc.*, 515 N.W.2d 95, 97 (Minn.App.1994) ("The purpose of prelien notice is to remedy the unfairness of foreclosing on unsuspecting owners and therefore the notice requirements are strictly construed."). To remedy this apparent conflict, the Minnesota Supreme Court has stated:

> Mechanic's lien laws are strictly construed as to the question whether a lien attaches, but are construed liberally after the lien has been created. While the Mechanic's Lien Act is to be liberally construed as a remedial act, yet mechanics' liens exist only by virtue of the statute creating them, and such statutes must be strictly followed with reference to all requirements upon which the right to a lien depends.

*Dolder*, 323 N.W.2d at 780 (quoting Maurice T. Brunner, Annotation, *Who is the Owner Within Mechanic's Lien Statute Requiring Notice of Claim*, 76 A.L.R.3d 605, 618 (1977)).

In each case cited by Wallboard the issue was not *whether* a lien attached to the property, but *to what* property the lien attached. Here, however, the issue is whether Wallboard met the statutory requirements that permit a mechanic's lien to attach. Consistent with caselaw, we strictly construe the statutory language and determine that a mechanic's lien attaches only if all statutory requirements are met. Thus, we decline to embrace Wallboard's interpretation of the statute.

Wallboard urges us to rely on equitable considerations in our interpretation of this ambiguous statutory provision. In doing so, Wallboard asserts that because respondents are not "unsophisticated businesses," they could have and should have protected themselves in other ways. Although Wallboard correctly states that one purpose of the prelien-notice requirement is to protect homeowners and small businesses from having to pay twice for the same work, such a purpose does not allow the courts to ignore, or loosely apply, explicit statutory requirements to accomplish that purpose. In fact, we have stated that examining the sophistication of owners likely hinders the achievement of the statutory purpose. *See Emison,* 488 N.W.2d at 338 ("If the courts began evaluating the relative sophistication of owners, it could eliminate the protection of the prelien notice requirement the legislature has granted to homeowners."); *see also Dolder,* 323 N.W.2d at 780 ("To begin evaluating sophistication could lead to removing the protection of the statute where owners are attorneys, laborers, materialmen, mechanics or any number of people affiliated with the housing industry.").

Adopting Wallboard's argument would have courts ignore statutory requirements; improperly engage us in an imprecise, fact-intensive, and subjective inquiry into a party's sophistication level; and result in an ad hoc approach to enforcement of the statute. Moreover, weighing the particular equities in this case does not assist us in interpreting the statutory exception at issue. According to the plain language of the statute, whether the prelien-notice exception applies is based solely on the size of the property. Therefore, even if the equities favored Wallboard, that alone is not determinative.

Wallboard next argues that the district court erroneously focused on ownership in determining that Bath & Body was entitled to prelien notice, maintaining that the term "owner" is not used in Minn.Stat. § 514.011, subd. 4c (2006). Although the term "owner" is not used as a qualifier in any of the prelien-notice exceptions set forth in Minn.Stat. § 514.011, subd. 4c, Wallboard's argument ignores three important canons of statutory interpretation.

First, Minn.Stat. § 514.011, subd. 4c, states that "[t]he notice *required by this section* shall not be required" under certain circumstances, including when there "is an improvement to real property where the *existing property* contains more than 5,000 total usable square feet of floor space[.]" (Emphasis added.) And subdivision 2 of section 514.011 unambiguously requires that prelien notice be given to "the owner or the owner's authorized agent[ ]" Minn.Stat. § 514.011, subd. 2 (2006). Thus, ownership is determinative when evaluating whether prelien notice mist be given.

Second, the plain language of the phrase "existing property" necessarily implies ownership. Although not explicitly stated in the statute, the plain language of section 514.011, subdivision 4c, supports the district court's consideration of the term "ownership" when determining that the prelien-notice exception does not apply in this case. "Property" is defined as "[t]he right to possess, use, and enjoy a determinate thing (either a tract of land or a chattel); the right of ownership...." *Black's Law Dictionary* 1252 (8th ed.2004); *see also The American Heritage College Dictionary* 993 (2nd ed.1985) (defining property, in part, as ownership). Thus, although the term "owner" is not explicitly stated as a qualifier in Minn. Stat. § 514.011, subd. 4c, the concept of ownership is inherent in the phrase "existing property."

Third, as a practical consequence, applying the prelien-notice exception as urged by Wallboard would have a broad and far-reaching impact not only on all landlords, but also on all business owners, renters, and condominium owners. Taken to its

logical end, Wallboard's position would result in any number of unjust and likely unforeseen results. For example, the tenant of a small office in a high-rise office building who hires a contractor to make improvements to the office space would not be entitled to prelien notice because the building is greater than 5,000 square feet; a person living in an apartment that is improved to create a design studio used for work would not be entitled to prelien notice if the apartment complex is greater than 5,000 square feet; and in a strip mall greater than 5,000 square feet, the small-retail-shop owner who contracts to have improvements made would not be entitled to prelien notice and could lose the business.

Finally, Wallboard argues that because a lien claimant cannot record a lien limited to a specific leasehold interest—and respondents agree that if prelien notice is required, the lien attaches to the entire mall—the usable floor space of the entire mall should be considered for the purpose of the prelien-notice exception. But Wallboard cites no legal authority, and we have discovered none, for its position that the county recorder would reject a mechanic's lien describing only the specific lease premises. Indeed, Minn.Stat. § 514.08, subd. 2(5) (2006), requires only "a description of the premises to be charged, identifying the same with reasonable certainty." Moreover, at oral argument, Wallboard's counsel admitted that it may be possible to include a description of the specific leased premises in addition to the complete legal description when completing the mechanic's lien statement for recording.

Based on our careful review of the record, the district court correctly applied the canons of statutory interpretation when it denied Wallboard's motion and granted summary judgment to respondents.

## DECISION

The district court correctly interpreted Minn.Stat. § 514.011, subd. 4c(b) (2006), to void and discharge appellant's mechanic's lien.

**Affirmed.**